(49 South. 486.)

No. 17,385.

SCHWAN et al. v. PETERMAN, Sheriff, et al.

(May 10, 1909.)

APPEAL AND ERROR (§ 1078*)—WAIVER OF OBJECTIONS.

The judgments of the district court are presumably correct, and appellate courts are justified in affirming them on the strength of that presumption, when counsel do not, either by personal appearance or through a brief, point out the specific grounds of complaint which they could urge against them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256–4261; Dec. Dig. § 1078.*]

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by William Schwan and others against W. T. Peterman, Sheriff, and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Hubert Marion Ansley, for appellants. Charles Francis Borah, for appellees.

Statement of the Facts.

NICHOLLS, J. Plaintiffs alleged that:

"Under a writ of fi. fa. issued from that court in the matter of the suit entitled 'Albert Hanson Lumber Company v. Emile Angelloz et al.,' No. 11,572 of its docket, the sheriff had seized and has now advertised for sale property which they described.

"That said seizure was illegal, invalid, and of no effect for the following, among other reasons: That in said suit the court rendered a judgment decreeing, among other things, as follows: That the defendant Albert Verdun have judgment against the warrantors: Mrs. Odelia Moreira and William Schwan, jointly, as legal representatives of the vendor, Valentine Schwan, in the full sum of $2,500, with legal interest thereon from judicial demand—that is, from May 8, 1905—and that the said warrantors, Mrs. Odelia Moreira, Miss Julia Moreira, and William Schwan, have the alternative right to relieve themselves of this moneyed obligation by restoring and retroceding to the said Albert Verdun the land which Valentine Schwan received in exchange for the land hereinbefore described; that is, lots Nos. 1 and 5, of section 35, in township 14 south, range 10 east, in the Southwestern land district of Louisiana, and situated in the parish of St. Mary, within 10 days from the signing of this judgment.

"That said judgment allowing petitioner 10 days within which to retrocede the property mentioned in said judgment could not have been taken advantage of by petitioner, for the reason that they had 10 days from the signing of said judgment within which to take a suspensive appeal therefrom, and that to have retroceded said property within said time would have had the effect of depriving petitioners of their right to a suspensive appeal, thus depriving petitioners of rights guaranteed to them under the Constitution and laws of the state of Louisiana. That petitioner's counsel had no notice that said judgment had been signed, and petitioners were not advised of same until after said 10 days had elapsed, and thereupon they offered to retrocede said property in satisfaction of said judgment; but that Albert Verdun, through his counsel, refused to accept the said retrocession and issued a writ of fieri facias against petitioners, which was enjoined in the suit of William Schwan et al. v. John B. Sanders, Sheriff, et al., No. 11,855 of the docket of this honorable court.

"That the said 10 days allowed by said judgment was not a reasonable time, and was such a judgment of which petitioners should have had notice, and that such notice was not given, and the said alternative judgment had the effect of depriving petitioners of their property without due process of law, contrary to the Constitution and laws of the state of Louisiana and the Constitution of the United States. That they thereafter took a devolutive appeal to the honorable the Supreme Court of Louisiana from the judgment rendered in the suit of Albert Hanson Lumber Company, Limited, v. Emile Angelloz et al., and that the honorable the Supreme Court, in deciding said cause, said with reference to petitioner's right to retrocede said property as follows, to wit:

"'The lower court gave judgment against the heirs of Schwan for twenty-five hundred ($2,-500) dollars, representing the present value of the land given in exchange, with the right on their part to satisfy the judgment to restore the land given in exchange, and allowing a delay of 10 days in which to restore the land. Complaint is made that this valuation is too high, and that the 10 days allowed in which to make the election whether to return the property or pay the judgment is too short. We do not find the valuation too high from the evidence, and, moreover, nothing compels the warrantors to pay it. They have the option of returning the property,' etc.

"That in accordance with the dicta of the judgment of the Supreme Court therein, and upon the dissolution of the injunction sued out by petitioners as hereinabove stated, petitioners, on the 1st day of June, 1908, by act before Isaac S. Wooster, notary public, had prepared an act of retrocession, returning and retroceding property to said Verdun, in accordance with the judgment of the Supreme Court and peti-

tioners' rights under the law, and tendered said act of retrocession to Albert Verdun, or his representatives, in full satisfaction of the judgment rendered in the cause of Albert Hanson Lumber Company, Limited, v. Emile Angelloz et al., No. 11,572 of the docket of this honorable court, and also tendered all costs and charges therein incurred by petitioners, which said tender and retrocession was refused.

"That, although petitioners had the right under the law to retrocede said property in full satisfaction of said judgment, this right had been denied them, and the persons in whose favor said judgment was rendered have caused to be issued the seizure aforesaid, and, unless restrained and prohibited by injunction, the sheriff, Wilson T. Peterman, of this parish, will cry out and sell the said property, to the great and irreparable injury of petitioners, and that a writ of injunction was necessary in the premises.

"That petitioners under said judgment are entitled to satisfy said judgment·by retroceding said property, and that the refusal of the parties owning said judgment and the issuance of the writ of fieri facias issued by them have caused petitioners great and irreparable injury, and the right should be reserved petitioners to sue for such damages as they may incur by cause of said seizure.

"Petitioners prayed that, on taking oath and furnishing bond with security as required by law, a writ of injunction issue herein, directed to the sheriff of the parish of St. Mary and Albert Verdun, or his legal representatives, enjoining, restraining, and prohibiting them from selling or offering for sale the property seized in the said suit, No. 11,572 of the docket of this honorable court, and that Wilson T. Peterman, sheriff of the parish of St. Mary, Albert Verdun, or his legal representatives, the Albert Hanson Lumber Company, Limited, and Emile Angelloz be cited, and that after due hearing and legal proceedings had there be judgment in favor of petitioners and against defendants, decreeing petitioners to have the right to retrocede to Albert Verdun, or his legal representatives, lots 1 and 5 of section 35, in township 14 south, range 10 west, in the Southwestern district of Louisiana, situated in the parish of St. Mary, in full and complete satisfaction of the judgment rendered by this honorable court on May 9, 1908; that the seizure issued under said judgment be decreed illegal, invalid, and of no effect; and petitioners pray that the writ of injunction be perpetuated, and for costs, and all general and equitable relief."

The injunction prayed for was issued and executed.

The widow and heirs of Albert Verdun appeared, declaring: That they did so solely for the purpose of filing the exception, and, without answering to the merits, excepted, and for cause of exception urged that, in the suit entitled "Wm. S. Schwan et al. v. John B. Sanders, Sheriff, et al.," No. 11,855, an injunction issued from the district court for the parish of St. Mary, restraining the sheriff from selling the same property which he was again enjoined from selling. That the suit was between the same parties (save and except the sheriff, who was only nominally a party to the suit) over this identical cause of action, enjoining the same writ that was now sought to be enjoined. That in said injunction suit all issues tendered by the present injunction were either tendered in suit No. 11,855 or were in existence at said time. That the judgment rendered in said suit No. 11,855 between these parties, dissolving the injunction and ordering the sheriff to proceed with the sale of said property, is res judicata and a perpetual bar to any of the grounds urged in said first injunction, or that existed anterior thereto, which exception and plea appearers specially urged in bar to the plaintiffs' right to the injunction and the relief sought by their petition.

That the injunction herein sued out was issued without provocation or cause, and solely for the purpose of annoying and harassing the judgment creditor, and that exceptors were entitled to statutory damages of 20 per cent. for the illegal issuance of said injunction. That they had been forced to employ counsel, whose services are worth $250, which sum they are entitled to recover as damages for the illegal issuance of said writ of injunction.

They prayed that the plea of res judicata be sustained, and that plaintiffs' action be dismissed, at their costs, the injunction herein sued out be dissolved and set aside, and that the sheriff be ordered to proceed with the sale of the property under the writ herein enjoined.

They prayed, further, that they have and recover of and from the plaintiff in solido

and the surety on their injunction bond damages for the illegal issuance of said injunction of 20 per cent. on the principal and interest of the judgment enjoined, and additionally the sum of $250, the value of the services of the attorney employed for reason of the issuance of said injunction. They prayed for costs and general relief.

On the same day, but before answer, the widow and heirs of Albert Verdun excepted that plaintiffs' petition disclosed no cause of action. Under benefit of their exceptions they answered, pleading first the general issue. Further answering, they admitted that judgment was rendered in favor of Albert Verdun in the suit of Albert Hanson Lumber Company, Limited, v. Emile Angelloz et al., and that a writ of fieri facias issued upon said judgment, and the property described in plaintiffs' petition was by the sheriff offered for sale to satisfy same.

Further answering, they averred that the writ now sought to be enjoined was issued and enjoined in the suit of William Schwan et al. v. J. B. Sanders, Sheriff, et al., which said injunction was dissolved and set aside, and the sheriff ordered to proceed under the writ then in his hands, and this proceeding had caused the property already seized to be readvertised for sale.

They specially denied that any tender had ever been made to them as alleged, or that the plaintiffs have, or had at the time of the issuance of this injunction, any right to retrocede the property in payment of the judgment.

Respondents admitted that judgment was rendered in favor of Albert Verdun in suit of Albert Hanson Lumber Company, Limited v. Emile Angelloz et al., No. 11,572 of the docket of this honorable court, and in the suit of Schwan v. Sanders, Sheriff, et al., No. 11,-855 of said docket, as alleged by plaintiffs, and averred that those suits were res judicata and a bar to the contentions raised by

the plaintiffs in their present suit; that his injunction was sued out solely and only for the purpose of annoying and harassing respondents and for preventing them from collecting the money judgment that had become final; and for this reason they were entitled to recover the statutory damages of 20 per cent. provided for by law and the amount made necessary for respondents to expend in the employment of counsel to defend said injunction suit.

In view of the premises they prayed that plaintiffs' action be dismissed, that the injunction by them sued out be dissolved and set aside, and that the sheriff be ordered to proceed with the sale of the property seized under said writ; that they recover judgment of and from the plaintiffs, William Schwan, Julia Moreira, and Mrs. Odelia Moreira, and their surety on the injunction bond, Hubert M. Ansley, in solido, decreeing and condemning and adjudging them to pay respondents the sum of 20 per cent. upon the principal and interest of the judgment enjoined as statutory damages provided for, for the illegal issuance of said injunction.

They prayed, further, for judgment in their favor and against said plaintiffs and their surety in the sum of $250, the value of the attorney's fees made necessary to be paid by the illegal issuance of said injunction. They prayed, further, for all other orders and decrees necessary, and for costs and general relief.

Emile Angelloz answered, pleading the general issue, praying for a dismissal of the suit. The Albert Hanson Lumber Company answered. It declared it had no interest in the suit, and appeared only as an accommodation to the other parties. The following signed statement of facts is copied in the transcript.

"Statement of Facts and Evidence upon Which It is Agreed by the Parties to This Suit That the Issues Tendered by the Petition, Exceptions, and Answer shall be Tried and Determined.

"Counsel for plaintiffs offers, introduces, and files in evidence the writ of fieri facias issued in the suit entitled 'Albert Hanson Lumber Co., Limited, v. Emile Angelloz et al.,' No. 11,572 of the docket of this court, wherein the property described in the petition was seized and advertised for sale on Saturday, the 11th day of June, 1908, and the judgment under which said writ was issued. Counsel for plaintiff offers, introduces, and files in evidence letter dated New Orleans, La., June 6, 1908, directed to Chas. F. Borah, counsel for defendants, by Hubert M. Ansley, counsel for plaintiffs, and the answer thereto, dated June 8, 1908, which letters are offered for the purpose of showing that a tender of the real property in satisfaction of the money judgment in suit No. 11,572, Albert Hanson Lumber Company, Limited, v. Emile Angelloz et al., was waived or considered as made. This evidence is objected to by counsel for defendants as not being proof of the tender which the plaintiffs allege upon. It is agreed that the court shall take judicial cognizance of the judgment and decree of the Supreme Court rendered in the suit of Albert Hanson Lumber Company, Limited, v. Emile Angelloz et al., upon the devolutive appeal taken in suit No. 11,572 of the docket of this court.

"Counsel for plaintiff offers, introduces, and files in evidence, to be produced within 24 hours, act of retrocession dated the 1st day of June, 1908, by act before Isaac S. Wooster, notary public, which said act purports to transfer and retrocede the real property, subject of suit 11,-572, to the defendants, in satisfaction of said judgment rendered therein. Counsel for defendants objects to this, because the deed never was submitted to the defendants, and they cannot be bound by its contents.

"Counsel for plaintiffs offers, introduces, and files in evidence the original writ of fieri facias issued in suit No. 11,572, docket of this court, as well as the writ of injunction issued against said seizure, the petition for injunction, the answer thereto, and the judgment rendered thereon in the suit entitled 'Wm. Schwan et al. v. Jno. B. Sanders, Sheriff, et al.,' No. 11,855 of the docket of this honorable court. It is agreed that the court shall take judicial cognizance of the judgment rendered by the Supreme Court of the state of Louisiana on appeal from said injunction proceedings.

"Counsel for plaintiffs offers, introduces, and files in evidence the judgment rendered in suit 11,572 of the docket of this court, and the motion of appeal taken and filed by the warrantors, plaintiffs in the instant case. Counsel for plaintiffs offers, introduces, and files in evidence the petition, affidavit, order, acceptance of service by counsel for defendants, bond, and writs filed and issued in the present suit, 12,263.

"Counsel for defendants offers and files in evidence (first) certified copy of the judgment sending the heirs of Albert Verdun into possession of his property, marked 'Exhibit A.'

"It is admitted that the heirs were made parties in the Supreme Court before final decision in the injunction suit of Wm. Schwan et al. v. J. B. Sanders, Sheriff, et al., No. 11,855 of the docket of this court. It is admitted that the property offered for sale on Saturday, June 11, 1908, is the same property that was offered for sale under the same writ in the suit No. 11,855, Schwan v. Sanders, Sheriff, et al., between these same parties, except as to the sheriff. It is admitted that the decree of the Supreme Court in the case of Wm. Schwan et al. v. Sanders, Sheriff, et al., was returned and filed in this court on the 26th day of May, 1908.

"It is admitted that the act of retrocession offered by the plaintiffs was never formally handed to the defendants in this case; the only proceedings had in that regard being the letters on file.

"It is admitted that, if under the law defendants' counsel is entitled to a fee for dissolution of the injunction, the $250 claimed in the petition is a reasonable fee."

The district court rendered judgment in favor of the defendants and against the plaintiffs, dissolving the injunction which issued at their instance, and condemning them in solido to pay the sum of 20 per cent. on the principal and interest of the judgment enjoined as statutory damages for the illegal issuance of said injunction, and costs, and dismissing, denying and rejecting their action. Plaintiffs have appealed from that judgment.

### Opinion.

The plaintiffs in injunction, after appealing from the judgment dissolving the injunction, which issued at their instance, and dismissing and rejecting their action, have neither appeared through counsel to argue the case, nor has any brief been filed on their behalf. The judgment appealed from is presumptively correct. It can scarcely be expected that the court should seek to detect errors. Barber Asphalt Company v. New Orleans & Carrollton Railroad Company, 49 La. Ann. 1608, 22 South. 955. Freyhan v. Berry, 49 La. Ann. 306, 21 South. 911; Guy & Richardson v. McDuffie, 49 South. 222, ante, p. 641. From the examination we have given to the record, the judgment appealed from discloses no reversible error. Plaintiffs in injunction had lost the right alternatively ac-

·corded them by not availing themselves of that right within the time limit, and they have made no legal tender of the amount which they were condemned to pay.

The judgment appealed from is hereby affirmed.