## SUCCESSION OF SUNER

---

(November 2, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par.** 594, 598, 694.

Judgments are presumed to be correct. Consequently when no appearance is

made in this court, and no brief filed, nor argument made, on behalf of appellant, and the judgment, superficially considered, appears correct, it will be affirmed.

Appeal from Civil District Court, Division "B". Hon. Mark M. Boatner, Judge.

Action by Mrs. Antonio Ginterrez and Mrs. Mary Lenas opposing letters of administration applied for by Peter Lopez.

There was judgment for Lopez and opponents appealed.

Judgment affirmed.

J. K. D'Aricourt, of New Orleans, attorney for administrator, appellee.

Carbajal & Gaudin, M. R. DeReyna, of New Orleans, attorneys for opponents, appellants.

WESTERFIELD, J.   Peter Lopez applied for letters of administration of the Succession of Mrs. Marceline Suner. He was opposed by Mrs. Antonio Ginterrez, wife of Oscar Borjon, and Mrs. Mary Lenas, wife of Tony Angelety. Lopez claimed to be a half brother of decedent and opponents' second cousins, who deny that Lopez is a half brother or any other relation of deceased.

The judge a qua recognized Lopez as entitled to the administration. The opponents appealed. In this court no appearance was made and no brief filed in behalf of opponents and appellants.

The learned judge, a quo, gave the following reasons for judgment:

"Peter Lopez, who applies for the administration of the succession of the deceased, is the legitimate son of Victoriano Lopez, who was the natural father of the deceased.

"It is proved that Victoriano admitted the paternity of the deceased, received her in his household and otherwise treated her as his daughter. It is proved that in an instrument intended for a will, but defective in form, the deceased styled Peter her brother, and that the relations between them were those of brother and sister.

"On the authority of Succession of Gravier, 125 La. 733, 51 South. 704; Bourrique vs. Charles, 107 La. 218, 31 South. 757; and Langer and Richoux, 6 La. 570, I must find that the acknowledgment of the deceased by her father, Victoriano Lopez, is duly and sufficiently proved; from which it results that Peter Lopez is her natural brother.

"It is true that Victoriano Lopez had been the husband of a woman other than the mother of the deceased, and it may be inferred from the Board of Health certificates which are in the record that the mother had been the wife of a man named Sparsa; but the dates of these marriages are not shown, and, since the court must resort to presumption, it will presume, as against adultery, that when the deceased was conceived her parents were not married. Therefore, there was no impediment to the acknowledgment.

"The father and mother of the deceased having died before her, her estate passes to Peter Lopez, her natural brother (Civil Code 923) and as heir he is preferred for the administration over the opponents who are cousins in a remote degree."

Being without advice as to the alleged error in the judgment appealed from, and since, to our superficial examination, no error has been disclosed, we indulge the presumption that the judgment is correct and adopt the reasons of our brother of the District Court as our own.

The judgment appealed from is, for the reasons assigned, affirmed.