No. 2099

Second Circuit

---

ARKADELPHIA MILLING CO. v. S. T. ANDERS AND WALKER-HOWE GROCER CO., INC.

---

(December 11, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 691, 694.

Where the evidence seems to sustain the finding of the district court, and the appellant has made no appearance, the judgment is presumed to be correct, and will be affirmed by the appellate court.

Appeal from the Second Judicial District Court of Louisiana, parish of Webster. Hon. Robert Roberts, Jr., Judge.

Action by Arkadelphia Milling Co. against S. T. Anders and Walker-Howe Grocer Co., Inc.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

L. K. Watkins, of Minden, attorney for plaintiff, appellee.

Stewart & Stewart, of Minden, George Wesley Smith, of Rayville, attorneys for defendants, appellants.

ODOM, J. Plaintiff sues defendant for $1800.00, the value of one carload of oats.

There was judgment in the district court in favor of the plaintiff and against the defendant Walker-Howe Grocer Co., Inc., and it has appealed.

Defendant S. T. Anders filed an exception of no cause of action as to him, which exception was sustained by the lower court. No bill of exceptions was reserved by plaintiff to this ruling of the court and it did not appeal. Plaintiff's claim against Anders is therefore not before us for consideration.

As to the claim against the other defendant, Walker-Howe Grocer Co., Inc., we find that in and prior to September, 1920, it had in its employ a man named Roy Miller, employed as a travelling salesman to sell grain and feed in car lots. Miller, representing this defendant, took an order for a carload of oats to be shipped to Anders. This order was placed with plaintiff under an agreement between plaintiff and defendant Walker-Howe Grocer Co., Inc., to the effect that such orders were to be charged to it, Walker-Howe Grocer Co., Inc., and might be shipped direct to its customers.

The order for the car of oats was taken by Miller, the travelling salesman, from Anders and shipped to Anders. Upon the arrival of the shipment Anders refused to receive it, claiming that he had previously cancelled the order.

It is not disputed that if Anders had accepted the shipment he would have been indebted unto Walker-Howe Grocer Co., Inc., therefor and not to plaintiff. But the

contention is made by Walker-Howe Grocer Co., Inc., that previous to the date on which the car was shipped to Anders it had cancelled the arrangement which it previously had with plaintiff above referred to and that for that reason it is not liable.

Plaintiff admits that this arrangement or agreement for shipping grain and feed was cancelled by defendant but claims that it was cancelled after this particular order was placed with and accepted by it and that there was no agreement to cancel it.

The defendant failed to establish by satisfactory proof that the order was cancelled, and we see no reason why defendant should not be held liable. There is ample testimony in the record to support the judgment of the lower court.

Since the filing of this appeal defendant has made no appearance in this court to argue the case orally nor has it filed brief. We say in this case as was said by the court in the case of Bynum vs. Lieber, 155 La. 760, 99 South. 590:

"Considering that the evidence seems to sustain the finding of the district court, and that appellant has not deemed it necessary to appear and point out any error in that finding, we see no reason to disturb the same.

"Every judgment rendered by a court of justice is presumed to be correct, and it can scarcely be expected that this court in an appeal will seek, in the absence of assistance from the appellant, to detect errors which are not patent on the face of the record. Schwan vs. Peterman, 123 La. 732, 49 South. 486."

The judgment is affirmed with costs.