No. 2374

Second Circuit

---

## BLASDEL v. McELROY

---

(November 10, 1927. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Appeal—Par. 634.**
The decisions of the trial judge, as to the credibility of witnesses, where plaintiff and defendant were the only witnesses, will be affirmed unless manifestly erroneous.

2.  **Louisiana Digest—Appeal—Par. 594, 595.**
Where appellant does not argue nor file brief the judgment of the trial court is presumed correct in the absence of error patent on the face of the record.

Appeal from the City Court of the City of Shreveport, Louisiana.  Hon. David B. Samuel, Judge.

Action by Mrs. Sparks Blasdel against W. T. McElroy.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

N. B. Carstarphen, of Shreveport, attorney for plaintiff, appellee.

C. H. Lyons, of Shreveport, attorney for defendant, appellant.

ODOM, J.  Plaintiff brings suit to recover $250.00, alleged to be due for services rendered by her as a nurse to defendant's wife.

The defense is a general denial.

There was judgment in the lower court for plaintiff as prayed and defendant appealed.

### OPINION

Only questions of fact are involved.

There were only two witnesses called on the trial, the plaintiff and the defendant.

Plaintiff swore positively that she was employed as a nurse for defendant's wife, that the total sum earned by her, as nurse, together with some small items of expense, amounted to $398.92, and that she had been paid only $148.92, leaving a balance due her of $250.00.

It seems that defendant's wife was ill at her home in Shreveport and that plaintiff was employed as a nurse and her serv-

ices continued until Mrs. McElroy was removed to Hot Springs.

This much is admitted by defendant, but he says he paid her for her services up to that time.

Plaintiff admittedly accompanied Mrs. McElroy to Hot Springs and remained with her while there.

It is contended by defendant that plaintiff was not employed to accompany his wife to Hot Springs as a nurse but that the understanding was she should go along as a friend and was to be paid only her expenses on the trip.

This is denied by plaintiff, who says she was to be paid regular fees as a nurse while with Mrs. McElroy at Hot Springs.

After her return from Hot Springs, defendant gave plaintiff a check for $50.00 which, he says, was given as a present. She says it was given as part payment on bill, and that more was not paid because defendant said he did not have the cash in bank at that time.

So this is a case where plaintiff and defendant, the only witnesses called, swear against each other.  The decision, therefore, hinges on the credibility of the witnesses.

The judge before whom the case was tried evidently believed plaintiff, for he gave her judgment.  He heard and saw the witnesses.  We have not had that privilege.  He was in better position to pass upon their credibility than we are.  We rely upon his judgment in that respect.

"The decision of a trial judge who heard the witnesses and was in position to correctly appreciate the testimony, will not be disturbed in the absence of a clear showing of error."
Vol. 1, Sec. 634, page 602, La. Dig. and the numerous authorities there cited.

Brugier vs. Todd Bros. Auto Co., 2 La. App. 741.

Florsheim Bros. vs. Pepper Merc. Co., 1 La. App. 31.

Not only that, but since the appeal was lodged in this court defendant, appellant has pointed out no error in the judgment appealed from. He did not argue the case orally and has filed no brief.

The judgment is presumed to be correct, and in the absence of assistance from the appellant, this court will not seek to detect errors therein not patent on the face of the record.

Bynum vs. Lieber, 155 La. 760, 99 South. 590.

Schwan vs. Peterman, 123 La. 732, 49 South. 486.

Arkadelphia Milling Co. vs. Anders, et al., 5 La. App. 191.

Succession of Suner, 5 La. App. 121.

Judgment affirmed with costs.