DERBES, CABELLERO & MILLER v. FITZPATRICK-TILL AUCTION CO., INC.

---

(December 10, 1928. Opinion and Decree.)

---

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff and appellee.

G. P. Eberle, of New Orleans, attorney for defendant and appellant.

JONES, J. This is a suit for $1,017.50, alleged balance due plaintiff for auditing defendant's books. Defendant denied all indebtedness and averred that plaintiff's work was so negligently performed that he sustained a loss, through a defaulting bookkeeper, of $879.63, for which amount he reconvened.

There was judgment below for the amount claimed by plaintiff and a judgment on the reconventional demand in favor of defendant for $85.00. Defendant has appealed suspensively to this Court.

The sole question before us is one of fact, the existence vel non of the indebtedness.

Appellant made no appearance in this Court either by brief or by oral argument.

In the case of Schwan vs. Peterman, 123 La. 726, 49 So. 486, the Supreme Court said:

"The judgments of the district courts are presumably correct, and appellate courts are justified in affirming them on the strength of that presumption, when counsel do not, either by personal appearance or through a brief, point out the specific grounds of complaint which they could urge against them."

In Traders Securities Co. vs. Heartfield Allen Drug Co., Inc., et al., 8 La. App. 518, the Second Circuit Court held as follows:

"Where a case is submitted without argument and without brief and the record apparently sustains the judgment appealed from, the judgment will be affirmed."

In Succession of Suner, 5 La. App. 121, this Court held as follows:

"Judgments are presumed to be correct. Consequently when no appearance is made in this court, and no brief filed, nor argument made, on behalf of appellant, and the judgment, superficially considered, appears correct, it will be affirmed."

These decisions are sustained by numerous authorities, set forth in detail in the above citations.

For above reasons, the judgment is affirmed.