No. 2607

Second Circuit

### LOUISIANA RED CYPRESS CO. v. KENNEDY & DENNY, INC.

(March 12, 1929. Opinion and Decree.)

Melvin F. Johnson, of Shreveport, attorney for plaintiff, appellant.

Dickson and Denny, of Shreveport, attorneys for defendants, appellees.

ODOM, J. On March 12, 1923, the plaintiff ordered a carload of lumber with specified grades from defendants, to be shipped to the Patriot Manufacturing Company, of

Havelock, Nebraska. Defendants shipped the lumber, and when it was received in Nebraska, the lumber was unloaded from the car and found to be defective, in that it was knotty, stained and not of uniform grade, as specified in the order. The lumber was refused by the consignee and later sold for a price less than the invoice. Plaintiff brings this suit against defendants to recover the amount alleged to have been lost.

Defendants denied liability, specifically alleging that plaintiff had failed to comply with the terms and conditions of its contract, and reconvened for $79.23.

There was judgment in the District Court rejecting plaintiff's demands and in favor of defendants for the amount of their reconventional demand, and plaintiff has appealed.

## OPINION.

The order for the carload of lumber was placed with defendants on March 9, 1923, and was promptly shipped. The testimony fairly shows, we think, that the lumber did not come up to the grade specified and that it was sold at a loss, but the contract between plaintiff and defendants specifically provided that "lumber must be held intact until inspection and settlement is made. All claims must be filed within five days after receipt of lumber. Shortage claims must be supported by affidavit covering out-turn piece tally, showing full contents of the car, and seal record on the car. Damage claims must be accompanied by written statement of the railroad agent supported by affidavit."

The plaintiff company failed utterly to comply with this part of its contract. There was no claim made for any shortage or for any loss on account of the defective grade of the lumber until ten weeks after the lumber was received by the consignee, and when claim was made, it was not in the form of an itemized statement nor was the claim supported by affidavit. Plaintiff, therefore, failed to comply with the conditions of the contract which seems to have been drawn in accordance with the custom of the trade. Defendants' contention is that it is manifestly unfair to a shipper to permit lumber to be received by a consignee and kept out for a period of as much as ten weeks without formal notice of the defects in the lumber because, without such formal notice supported by satisfactory proof, it is impossible for the shipper to protect himself.

The record is voluminous, containing much testimony, pro and con, as to the grade and condition of the lumber when received in Nebraska, and there are many exhibits in the way of letters and telegrams, all of which we have considered. Our conclusion is that under this testimony, and further, in view of the fact that plaintiff utterly failed to comply with the conditions of its contract as to formal notice, the judgment of the lower court rejecting plaintiff's demands and giving defendants judgment in reconvention, is correct.

The appeal was lodged in this Court on March 15, 1926. It was set for argument for January 22, 1929, and counsel for appellants were duly notified of such setting. On the day the case was to be heard in this Court, the Clerk, observing that counsel for defendants were not present and recalling that they had filed no brief in support of their appeal, called them over the telephone and reminded them that the case would soon be reached on the calendar. Whereupon, counsel informed him that they did not care to be present.

In the case of Bynum vs. Lieber, 155 La. 760, 99 So. 590, the organ of the Court said:

"Every judgment rendered by a court of justice is presumed to be correct, and it can scarcely be expected that this Court, in an appeal will seek, in the absence of assistance from the appellant, to detect errors which are not patent on the face of the record." (Citing Schwan vs. Paterman, 123 La. 732, 49 So. 486.)

This Court has repeatedly made similar statements. Only questions of fact are involved and, as stated, we have read the testimony and exhibits, and find the judgment in accordance therewith. There are no errors patent on the face of the record.

For the reasons assigned, the judgment appealed from is affirmed, with costs in both Courts.