SOMMERVILLE, J.
Defendant is appellant from a judgment in favor of plaintiff; but it has not filed an assignment, of errors, or any other plea, or even made an argument in support of its appeal. The case was submitted without oral argument, on an agreement between the parties, plaintiff and defendant, to file briefs; but no brief has been filed on behalf of defendant. It has simply filed a printed copy of the answer filed by it, and found in the transcript.
The case involves the validity of an issue of $30,000 of bonds by the plaintiff board of commissioners of the parish of Vermilion, which issue was contracted for by the defendant bank; but the bank refused to accept the bonds for the reasons: (1) That they are illegal and void, because the tax out of which alone they must be paid is illegal and void; and (2) that the bonds are not, even under the contention of the plaintiff, the bonds of the district.
The Constitution, art. 281, authorizes drainage and subdrainage districts to be organized (with other political subdivisions of the state), and to issue negotiable bonds for drainage purposes; and the governing authorities of the several subdivisions are directed to impose and collect taxes annually sufficient to pay interest on the bonds and the principal thereof, under certain conditions and restrictions. Defendant does not •appear to contend that the requirements of the law have not been followed. In the absence of specific objection being pointed out by defendant, or some interested taxpayer, the court will presume that the proceedings of the different constituted authorities which have acted in connection with the matter under consideration are regular and valid.
The Legislature, in Act No. 12 of 1900, p. 12; Act No. 159 of 1902, p. 293; Act No. 135 of 1908, p. 225; Act No. 256 of 1910, p. 426; Act No. 317 of 1910, p. 542; and Act No. 219 of 1912, p. 493 — has established *766 and defined subdivisions of tbe state, and has classed drainage and subdrainage districts among them.
In accordance with the authority conferred by these several acts and the Constitution, the governing authorities of Vermilion parish organized the Seventh ward drainage district, and subsequently organized a sub-drainage district within that district.
The only illegality charged by defendant against any of these proceedings is that the forced contributions and taxes, levied and imposed to meet the payment of the interest and principal of the bonds bought by it, were not levied and imposed throughout the entire Seventh ward drainage district; in other words, that the forced contributions and taxes were not levied and imposed upon property within subdrainage district No. 1, while they were imposed upon property in the balance of the Seventh ward drainage district, which rendered the tax unequal and not uniform, contrary to article 225 of the Constitution; but article 281, before referred to, gives to governing authorities the right to levy forced contributions and taxes in certain districts or subdistriets, which require levying and pumping for drainage purposes, and this appears to have been done in the Seventh ward drainage district of Vermilion parish.
Defendant has not argued against the validity of article 281; and it has not argued or shown that article 281 has not been complied with.
We fail to appreciate defendant’s second objection that the bonds are not the bonds of the district. One of the bonds is copied in the transcript, and it is headed, “Seventh ward drainage district of the parish of Vermilion, state of Louisiana;” and in the body thereof it is declared to be a bond of that drainage district, “exclusive of subdrainage district No. 1 of said drainage district.” The objection is without merit.
Judgment affirmed.