## No. 12,187.

### JULIUS FREYHAN VS. W. H. BERRY ET ALS.

Where one who has contracted for the erection of buildings and who claims that the instalment or instalments due the contractor are withheld, because of privilege claims against the contractor and the fund, brings suit against the contractor and those claiming amounts due with lien upon the building, but declaring that he deposits the instalments so withheld in court, but fails to make said deposit, he does not bring about a *concursus*, there being no fund with the court for distribution.

When by final judgment the court orders the plaintiff to make the deposit which he had failed to make as alleged by him, and renders judgment against him in favor of the different defendants brought into court, the plaintiff appeals suspensively from such judgment, the Supreme Court (to determine its jurisdiction) will deal with the different judgments as if adjudged in separate and distinct actions, and will take cognizance of only such judgments as exceed two thousand dollars.

When the difference between an amount claimed against plaintiff by one of the defendants and the *pro rata* adjudged to him out of the admitted indebtedness of the plaintiff is less than two thousand dollars, the appeal will be dismissed

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Saunders, Miller, Smith & Hirsch* for Plaintiff, Appellant.

*Harry H. Hall* for Daniel Pike, Defendant, Appellee.

*John Dymond, Jr.,* and *H. P. Dart* for Defendants, Appellees.

20

*Benjamin Rice Forman* for Sidney Patridge, Syndic of the insolvent Michael Ross, Defendant, Appellee.

Argued and submitted December 16, 1896.
Opinion handed down January 4, 1897.

### STATEMENT OF CASE.

Plaintiff alleged that he had entered into a contract with the defendant Berry to build several buildings for him for the sum of eighteen thousand two hundred and forty dollars, to be paid in seven instalments, payable as the work progressed; that the final instalment of twenty-six hundred and forty dollars was payable fifteen days after the completion of the buildings, and provided no liens should then have been recorded against the buildings; that Berry had erected the buildings; that petitioner had paid the first six instalments; that after said payments sundry persons had presented to him claims which they declared they held against Berry for labor performed and materials furnished in the construction of the buildings; that after the buildings had been completed and delivered to petitioner he obtained from the mortgage office of the parish of Orleans a certificate, from which it appeared that certain named persons and companies had asserted and recorded claims against the buildings as secured by privilege thereon, amounting in the aggregate to five thousand and forty-seven dollars; that he did not know whether Berry, the builder, who alone contracted all the debts, admitted the same as correct; that as the first six payments had been paid to Berry, according to the terms of the contract, before any of the said claims had been presented to him or recorded, petitioner was not liable to said parties for any sum beyond the unpaid seventh instalment of twenty-six hundred and forty dollars, and none of them could assert a privilege on the buildings after he should have paid out to whomsoever was entitled thereto the said sum of twenty-six hundred and forty dollars; that the claimants could not agree on the distribution of said sum among themselves, and threatened suit; that some of them had already sued the plaintiff; that the respective rights of the parties could only be determined by calling them all into a *concursus*, and having them examined

into and adjudicated upon contradictorily with each other, with Berry and with petitioner. He deposited into court the said sum of twenty-six hundred and forty dollars for the benefit of said Berry and said claimants.

In view of the premises, he prayed that, after due proceedings, there be judgment fixing the mode and rate of distribution among said claimants of said sum of twenty-six hundred and forty dollars and judgment contradictorily with said claimants; decreeing that petitioner was not liable for anything in excess of said twenty-six hundred and forty dollars, and that all the privileges and liens mentioned on the said certificate of mortgage be canceled and erased on said claimants receiving such pro rata of said twenty-six hundred and forty dollars, as they should be decreed to be entitled to receive in the judgment to be rendered in the premises.

At the time this proceeding was instituted, petitions had been filed in the Civil District Court by four of the parties named in the certificates of mortgages against Julius Freyhan and W. H. Berry, asking judgment against them *in solido*. The first of these suits (docketed under the number 44,530) was instituted on the 11th December, 1894, by the Central Manufacturing Company, asking judgment for thirty-one hundred and fifty-three dollars, with lien and privilege upon the buildings for materials and merchandise sold and delivered to Berry, to be used by him in the erection of the buildings. Plaintiff in that case averred that the buildings had been completed and delivered, and the price had been paid by Freyhan; that in due time and before said payment, and while there was money in the hands of Freyhan due to Berry, it had attested its account, recorded the same, and served the same on Freyhan; that the buildings were erected under written contract between Freyhan and Berry, which had been recorded in the mortgage office of the parish of Orleans. Plaintiff charged that Freyhan was solidarily indebted to it, because he overpaid Berry and paid him money in advance and in violation of the contract, and before the same became due, without the knowledge of petitioner, amounting to more than five thousand dollars, to his great loss and injury, and because it was his duty under the law governing such cases to see that no money was paid to the builder until claims like petitioner's had been paid and secured.

On February 4, 1895, this suit was transferred from Division "E"

to Division " C " of the Civil District Court, and cumulated with the suit brought by Freyhan against Berry and the other lien claimants.

The second suit was filed on December 13, 1894; John O. Beneke, subrogee, seeking judgment against Berry and Freyhan *in solido* for one hundred and sixty dollars, with recognition of privilege on Freyhan's buildings.

The third suit (No. 44,554) was filed December 13, 1894, by E. A. Mattes against Freyhan and Berry, asking judgment against them *in solido* for five hundred and forty-one dollars, with recognition of privilege on the buildings erected by Berry.

The fourth suit (No. 44,363) was that of Daniel Pike against Berry and Freyhan, asking judgment *in solido* for three hundred and seven dollars.

The allegations of these last three suits were substantially those of the Central Manufacturing Company. The four suits were, by orders of court, cumulated with the present one.

The court rendered judgment in the present proceeding in favor of the Central Manufacturing and Lumber Company, and against Freyhan and Berry for three thousand one hundred and fifty-three dollars and interest, and recognizing the privilege claimed by them.

In favor of Daniel Pike against the same parties for three hundred and seven dollars, with interest and recognition of privilege.

In favor of Beneke against the same parties for one hundred and sixty dollars, with recognition of privilege.

In favor of Mattes against the same parties for five hundred and forty-one dollars, with interest and recognition of privilege.

Also in favor of Platesmeier, J. J. Clarke, John Bass, syndic, in sums aggregating seven hundred and forty-five dollars.

The demand of Freyhan for the cancellation of the privileges existing in favor of these different parties was rejected and his suit dismissed.

The court decreed with respect to the sum of twenty-six hundred and forty-one dollars (admitted by Freyhan to be in his hands subject to his order) that there be judgment against Freyhan in favor of the different parties to the suit (with the exception of Berry), and that said sum be deposited in court for distribution among said parties by appropriate proceedings, with reservation of their privilege on the buildings.

Freyhan (the plaintiff) alone has appealed from the judgment.

He has appealed suspensively.   Michael Ross having gone into in-
solvency, his syndic made himself a party in this court and moved
to dismiss the appeal; first, because the amount in dispute on his
demand in reconvention, and for which he had judgment in the Dis-
trict Court, is only two hundred and fourteen dollars and below the
jurisdiction of the Supreme Court; second, because there is no fund
for distribution, none having been deposited in the lower court;
third, because the plaintiff Freyhan had acquiesced in the judgment
since the appeal was taken, he having paid a part of the judgment
appealed from, particularly the judgment in favor of the Central
Manufacturing Company, Beneke, John J. Clarke and Mattes.

The opinion of the court was delivered by

NICHOLLS, C. J.   The allegations made in the last ground for dis-
missal are given color to from the non-appearance in any way in
this court of counsel who are certainly not chargeable with ever
leaving unguarded the actual interests of their clients.   We have not
been informed what appellant complains of, nor as against whom his
complaints are directed.   We would be inclined to affirm the judg-
ment itself under such conditions, as judgments of the lower court are
presumptively correct and we could not be expected to seek to dis-
cover and prove them otherwise. We have, however, reached the con-
clusion that the appeal should be dismissed.   Appellant failed to de-
posit any fund in court, and suspensively appealed from the decree
that it should be so deposited.   We do not think the appeal can be sus-
tained upon the theory that a *concursus* was brought about through
the plaintiff's suit.   Whatever effect, as between the different parties
claiming judgments against Freyhan and Berry, may have flowed
from the fact that the different judgments rendered by the District
Court in their respective favor, were rendered in one and the same
proceeding, it can not be said it brought presently before the court
any fund for distribution.   (See Denegre vs. Mushat, 46 An. 90;
Wheelwright vs. Transportation Co., 47 An. 540.)   We have, for
present purposes, to deal with the different judgments as if they had
been adjudged in separate, distinct actions.   This result carries with
it as a consequence that none of the judgments below in which the
matter in dispute was less than two thousand dollars have been
brought up for review through this appeal.   The only claim for over

two thousand dollars which was involved in the lower court was that of the Central Manufacturing and Lumber Company, Limited. Was the situation of that claim in the District Court such as to authorize this appeal from the judgment rendered in respect to it? Freyhan, in his pleadings, acknowledged a liability of twenty-six hundred and forty dollars, either to Berry or to the laborers and material men who were brought into the suit. He stood indifferent as to the distribution of the fund between these different parties. When the court rendered judgment in this suit, the pro rata out of the amount admitted by Freyhan to be due, falling to the Lumber Company, under the decree was such that that amount being deducted from the total claim of the company left as the only amount in dispute between it and Freyhan and Berry a sum less than two thousand dollars. A controversy touching a liability of Freyhan for a larger amount to the Lumber Company would not sustain this appeal. The appeal would fall independently of any question of acquiescence or a payment by Freyhan of the judgment rendered touching it.

We think the appeal should be dismissed, and it is hereby dismissed.