The opinion of the court was delivered by
Nicholls, C. J.
This case comes up before us on the following agreed statement of fact:
“ When the Oarrollton Railroad Company bought the extension of its franchises from the city of New Orleans, it agreed to expend the sum of one hundred and fifty thousand dollars in paying the cost of paving the wood side of St. Charles avenue, from Louisiana avenue to Carrollton avenue, and to use any unexpended balance left over from this paving to pave Jackson street, from the terminus of the asphalt paving to Tchoupitoulas street, with gravel, and the short block between Tchoupitoulas and the levee with Belgian block upon a concrete foundation.
“St. Charles street was paved with gravel, but the city of New Orleans did not, as provided in the contract, let any contracts to pave Jackson street, and there remained in the hands of the company, applicable to this pavement, the sum of five thousand three hundred and ninety-one dollars and forty cents.
“ In this condition of affairs the city of New Orleans made a contract with the Barber Asphalt Paving Company to pave with asphalt Jackson street, from St. Charles street to Prytania street, and agreed that the cost of this pavement should be paid out of this fund in the hands of the New Orleans & Oarrollton Railroad Company.
“Before this contract was signed the board of directors of the New Orleans & Oarrollton Railroad Company passed a resolution setting forth the above facts and declaring that it hereby assents to the said contract between the city of New Orleans and the Barber Asphalt Paving Company relative to the paving of Jackson street, from St. Charles to Prytania street, in so far as it is legally able to consent, and hereby agrees to pay the city’s portion of the said pavement of Jackson street under the said contract with the Barber Asphalt Páving Company to the amount and extent of the balance in its hands, if necessary, provided it has the legal power to make such consent, and provided further that said money shall only be paid on the judgment of the Supreme Court of the parish of Orleans, State of Louisiana, declaring that this company has the *1610 legal power under the circumstances of the case to give its consent to the pavement aforesaid, and to the change in the appropriation made in the original contract between the company and the city of New Orleans relative to this franchise, provided that the city of New Orleans shall be a party to said suit and shall be bound thereby.
“ The Barber Asphalt Company completed its work, received certificates therefor from the city, and the city of New Orleans passed ordinances appropriating the amount due the Barber Asphalt Company, to-wit, two thousand eight hundred and twenty-nine dollars and seventy-four cents, payable out of the fund in the hands of the Carrollton Railroad Company. Thereupon the Barber Asphalt Company filed this suit, making the city and the Carrollton Railroad Company parties defendant. The city answered, joining the Barber Asphalt Company in its demand against the defendant. The Barber Asphalt Company admitted all the facts set up in the exhibits annexed to the petition, and, for the purpose of making an issue in the case, denied its legal right to consent to the diversion of the appropriation from the paving work mentioned in its franchise contract.
“ The court below, rendered a judgment in favor of the Barber Asphalt Company, and the Carrollton Railroad Company has, as a matter of form, appealed.
“ The Carrollton Railroad Company accepts the foregoing statement of facts made by the Barber Asphalt Paving Company, and submits to the court the legal question as to its right to consent to the pavement of a different part of Jackson street from that mentioned in the franchise contract.”
Appellant has filed no brief, but left to the court itself the ascertainment of what the legal rights and obligations of parties are. In the case of Freyhan vs. Berry, 49 An. 306, we stated that judgments of the District Court are presumedly correct, and that appellate courts are justified in affirming them on the strength of that presumption itself where counsel do not either by brief or argument make an appearance to set forth the specific grounds of complaint which they could urge against the conclusions of the trial judge. We presume appellant’s contention to be that the owners of property abutting on Jackson avenue “ from the terminus of the asphalt paving to Tchoupitoulas street,” and “on the block between Tchoupi-toulas street and the levee,” may have acquired, under the original contract between the city of New Orleans and the New Orleans & *1611 Carrollton Railroad Company, a vested right to have the balance of the one hundred and fifty thousand dollars contracted to be paid by the railroad company for its franchise remaining unexpended after paying the cost of paving the wood side of St. Charles avenue, from Louisiana avenue to Carrollton avenue, applied to paving Jackson street from the terminus of the asphalt paving to the levee. That having acquired such right, the city and the railroad company would be powerless by agreement and consent between themselves to modify the original contract and divert the appropriation of the money to the paving of any other portions of Jackson avenue than those first specially designated. Had the city and the railroad company in their contract provided (as they had the legal right to do) that any portion of the one hundred and fifty thousand dollars contracted for therein which might remain unexpended, as explained, should be turned over to the city authorities, and had that balance been in fact paid to them, it could scarcely, we think, be questioned that had the city directed that Jackson street, between the terminus of the asphalt paving and the levee, should be paved and the costs thereof paid for by the moneys turned over to it by the Oarrollton Railroad Company, the city would have the legal right to repeal the ordinance passed by it to that effect and devoted the money to the paving of some other portion of the street. The owners of property fronting on the parts of the street covered by the ord inance would have had no shadow of right to control the action of the corporate authorities in this matter and insist that the ordinance was irrepealable inasmuch as by such repeal their interests would be seriously affected and injured by a repeal. Schmidt vs. City of New Orleans, 48 An. 1440; State ex rel. Paving Co. vs City, 48 An. 649.
The situation is not changed by the fact that the particular portion of the avenue which it was originally proposed to pave should have been designated in the eontract between the city and the railroad company. The railroad company might have had legal ground of complaint had an alteration been attempted to be made without its consent, but the property owners referred to would have had no legal standing to complain. The city both in making the original contract and in modifying it was acting in the exercise of its general administrative powers and not in any wise on behalf of any special class of citizens or property owners.
The property owners whose adverse future action defendant *1612 seems to fear, would have been called on to pay no portion of the cost of the originally contemplated paving, and the clauses in the contract relative to the street in front of their premises wexe in no sense a stipulation pour autrui operating in their favor.
The agreed statement in the record discloses the fact that no contracts were made based on the contract as originally drawn up. We see no ground for apprehension on the part of appellant to liability as for an unauthorized payment should it pay plaintiffs’ claim.
The judgment of the District Court is hereby affirmed.