### No. 1980.
### Second Circuit Appeal.

---

## SOUTHERN ATHLETIC CLUB v. JAMES O. FOSTER, ET AL.

---

(November 13, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1.—Louisiana Digest—Appeal—Par. 594, 693, 694.

The judgments of the district courts are presumedly correct, and appellate courts are justified in affirming them on the strength of that presumption itself when counsel do not, either by brief or argument, make an appearance to set forth the specific grounds of complaint which they could urge against the conclusions of the trial judge.

2. Louisiana Digest—Appeal—Par. 607.

A judgment rendered on default is, in the absence of any note of evidence, statement of facts or assignment of errors, presumed to have been ren-

dered on sufficient evidence, and the judgment of the trial court will be affirmed on appeal.

3. **Louisiana Digest—Appeal—Par. 512.**
Where appellant makes no appearance and appeal is taken for delay, damages are allowed for frivolous appeal.

Appeal from the First District Court, Parish of Caddo, Hon. E. P. Mills, Judge.

Judgment for plaintiff on default and defendant appealed.

Judgment amended and affirmed.

Bullock & Warren, of Shreveport, attorneys for plaintiff and appellee.

F. A. Blanchard, of Shreveport, attorney for defendants and appellants.

CROW, J. A moneyed judgment in favor of plaintiff and against defendant, for $424.56, with five per centum per annum interest thereon from May 2, 1923, was rendered on default in the District Court of Caddo Parish. Within the delays allowed by law, the defendants, against each and all of whom judgment had been rendered *in solido*, appeared in the District Court where they moved for and obtained orders of appeal to this court.

The appeal was perfected by filing the required suspensive appeal bond, and the case was fixed for argument in this court on October 10, 1924, and later continued by this court till November 7, 1924, when the case was submitted by counsel for appellee, appellant's counsel not appearing.

Counsel for appellant have not appeared in this court, either in person or by brief, or otherwise. No assignment of errors is presented nor statement of facts filed in the record.

We can, therefore, do nothing but dismiss the appeal or else affirm the judgment of the lower court.

The plaintiff, appellee, has filed timely in this court a motion for an award by this court of· ten per centum of the amount of the judgment ·as damages for frivolous appeal. We are disposed to award the damages as prayed for by appellee; for we think the appeal was taken purely for delay.

(See Code of Practice, Arts. 602, 603, 896, 897, 907.)

The following authorities in support of the judgment are pertinent.

1. Where the appellant assigns no error, and does not argue, either orally or in brief, in support of his appeal, the judgment appealed from will be presumed to be correct, and it will be affirmed.

Board of Commissioners vs. Bank, 135 La. 763; 66 South. 187.

2. The ·judgments of the district courts are presumedly correct, and appellate courts are justified in affirming them on the strength of that presumption itself when counsel do not either by brief or argument, make an appearance to set forth the specific grounds of complaint which they could urge against the conclusions of the trial judge.

Freyhan vs. Berry, 49 La. Ann. 306, 21 South. 911; Barber Asphalt Paving Co., 49 La. Ann. 1608, 22 South. 995; Alexandria Cooperage Co. vs. R. R. Commission, 127 La. 1085, 54 South. 359.

3. A judgment rendered on default is, in the absence of any note of evidence, statement of facts or assignment of errors, presumed to have been rendered on sufficient evidence, and the judgment of the trial court will be affirmed on appeal.

Park vs. Concordia Land & Timber Co., 154 La. 31, 97 South. 272.

The judgment of the lower court is, for the reasons assigned, amended by awarding damages to plaintiff and against defendants *in solido* in the sum of ten per centum of the amount of the judgment of the District Court, and as thus amended, said judgment is affirmed.