65 So.2d 130

PERKINS et al. v. BUCHLER et al.

No. 27484.

April 27, 1953.

Dart, Guidry & Price, New Orleans, for appellants.

Harold Buchler, Metairie, for appellees.

HAWTHORNE, Justice.

Plaintiffs instituted this suit in July, 1918, seeking to have annulled and set aside a sale of real property, situated in the Parish of Jefferson, which had been made at public auction on June 29, 1918, pursuant to an order of court in partition proceedings. After trial on the merits there was judg-ment in favor of defendants rejecting plaintiffs' demands and dismissing their suit, and plaintiffs appealed.

The transcript was lodged in this court on September 23, 1925, and upon motion of counsel for appellants filed on May 27, 1952, this case was ordered placed on the preference docket and was fixed for argument in this court on March 26, 1953. After the appeal was lodged in this court, several parties to the litigation died, and on motions of the attorneys for the litigants their heirs or representatives were made parties to this appeal by order of this court.

Neither the appellants nor the appellees filed briefs in this court. On the day the case was fixed for hearing, one of the attorneys for the appellants was present in court and orally moved the court to grant a continuance. This court, being of the opinion that the reasons advanced were not sufficient to justify the granting of a continuance, denied the motion, and the case was submitted without argument.

The appellants in the instant case have not pointed out any error in the judgment of the district court or filed any brief, and have thus left to this court the task of as-certaining whether the judgment of the lower court was correct in law and in fact. It is well settled in the jurisprudence that in these circumstances an appellate court may affirm such judgment under the pre-sumption that the judgments of the district courts are correct. Barber Asphalt Paving Co. v. New Orleans & Carrollton R. R. Co.,

49 La.Ann. 1608, 22 So. 955; Hill v. De-Soto Parish School Board, 177 La. 329, 148 So. 248. See also Freyhan v. Berry, 49 La. Ann. 305, 21 So. 911; Louisiana Farm Bureau Perique Tobacco Growers' Co-op. Ass'n v. Roussel, 165 La. 892, 116 So. 224.

We have, however, examined the record, read the testimony taken on the trial in the lower court, considered the trial judge's reasons for judgment, and find no error patent on the face of the record in law or in fact. We shall accordingly affirm the judgment.

For the reasons assigned, the judgment appealed from is affirmed, appellants to pay all costs.