JOHNSON, Judge.
This appeal was taken by plaintiff from a judgment of the Civil District Court for the Parish of Orleans dismissing plaintiff’s suit against his former employer and its compensation insurance carrier for maximum workmen’s compensation for total permanent disability, $2,500.00 medical expenses, $1,000.00 attorney’s fees and statutory penalties.
The plaintiff was represented by counsel in the district court. His attorney perfected the appeal and withdrew from the case after the case was docketed in this court for argument on October 16, 1962. On that day plaintiff appeared in person without an attorney. Counsel for defendants filed a brief and agreed to have the case submitted without argument. Under the circumstances, the court allowed plaintiff until October 26 in order to afford plaintiff an opportunity to employ other counsel, which plaintiff has not done. Therefore, plaintiff-appellant is not represented by counsel in this court.
The petition alleges that on August 11, 1959, plaintiff and another employee, named Louis Cannon, were moving some large asbestos sheets on a construction job the employer was performing for Shell Oil Company at its Norco refinery, when plaintiff injured his back. Plaintiff testified that while carrying heavy sheets of asbestos his co-worker, Louis Cannon, dropped his end of the sheet, throwing the heavy weight on plaintiff, causing plaintiff to fall to the concrete floor, thereby hurting plaintiff’s back. Plaintiff said the sheets of asbestos weighed about 500 pounds. (The positive statements of the superintendent and of other workmen were that the sheets were 4 feet wide by 12 feet long by 2 inches thick, weighing about 175 pounds). Plaintiff said he told Cannon about what happened at the time; that it was nearly time to quit on Friday and he finished out the day; that on Monday he was sent by the superintendent to Dr. Faust, who gave him some heat treatments, and that he is still disabled by back trouble.
We have studied the testimony and the many exhibits of medical reports, payrolls and other documents admitted in evidence. Neither Louis Cannon nor any one of the other several workmen on that job at the time knows anything about such an accident and each of them denies that plaintiff made any mention of an accident or complained of any injury. The evidence also shows that plaintiff worked until September 17, 1958, when the job was finally completed.
The only doctor who could find objective symptoms to support plaintiff’s various complaints was a Dr. Salatich, who wrote a voluminous report and testified at great length about his positive findings, which he thinks resulted from the alleged accident, much of which conveys to this reader nebulous impressions, particularly in view of the clear and convincing negative findings and explanatory testimony of three medical experts.
Dr. Richard A. Faust, Dr. Gilbert Tom-skey, urologist, and Dr. Leon K. Loomis, orthopedic surgeon, are unanimous in their opinions that plaintiff was not disabled. The urologist testified that plaintiff definitely had prostatitis and urethritis with considerable discharge of pus; that the trouble was a bacterial infection, not disabling and not attributable to any accident, but producing some tenderness at the lower spine and a burning sensation.
*235 It is appellant’s duty to point out any error in the judgment of the trial court. In the absence of such showing there is a presumption of law on which this court can rely that the judgment is correct. Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Succession of Bailey, 232 La. 824, 95 So.2d 326; Alice v. Woods, 124 So.2d 770; Rex Finance Company v. Morehead, La.App., 124 So.2d 770; F. A. B. Distributing Company v. Marullo, La.App., 138 So.2d 656.
In view of the late withdrawal of plaintiff’s original counsel, we have felt it appropriate to study the record rather than rely entirely upon the presumption just mentioned, as we would have had the right to do. The result of this consideration is to make the presumption positive.
The judgment is affirmed at the cost of plaintiff-appellant.
Affirmed.