McBRIDE, Judge.
After a trial in the lower court plaintiff recovered judgment against defendant on a promissory note for $662.33, with eight, percent per annum interest from January-16, 1963, until paid plus twenty percent attorney’s fees on said principal and interest, from which judgment defendant took a. suspensive appeal.
Since the appellant made no appearance and filed no brief no error in the judgment of the lower court has been pointed out to us, and the judgment must be affirmed under the presumption it is-correct. Succession of Bailey, 232 La. 824, 95 So.2d 326; Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Dia-Log Company v. Pareti, La.App., 126 So.2d 197; Rex Finance Company v. Morehead, La. App., 124 So.2d 776; Alice v. Woods, La. App., 124 So.2d 770.
Plaintiff timely answered the appeal-praying for damages for frivolous appeal-in the sum of $153.08.
There is no question defendant’s appeal was frivolous. Under the late Code of Practice (Article 907) the appellate court was authorized to award damages not exceeding ten percent of the amount of the judgment for a frivolous appeal. The court is now authorized by LSA-C.C.P. art. 2164 to award such damages.
*221 In view of the fact the judgment appealed from stipulates for eight percent per annum interest on the amount thereof plus an attorney’s fee of twenty percent on the principal and interest, we think an award of five percent of the principal amount of the judgment, i. e. $662.33, would be an equitable amount of damages for the frivolous appeal.
The judgment is amended in favor of plaintiff-appellee so as to provide that it have damages amounting to five percent of the principal amount of the judgment for frivolous appeal, and as thus amended and in all other respects the judgment is affirmed.
Amended and affirmed.