AYRES, Judge.
This expropriation proceeding was heretofore before us on defendant’s appeal (La.App., 155 So.2d 231). Concerned therein were the valuation of the property expropriated and defendant’s claim for severance or consequential damages. All the issues presented on the appeal were determined with the exception of the claim made for the destruction of a disposal system utilized by defendant in the operation of its slaughter house and packing plant. As to that, we concluded that the record did not adequately establish the amount of damage *626 sustained by the defendant and, in the interest of equity and justice, remanded the case to afford defendant an opportunity to establish the extent of its damage.
Pursuant to the remand, testimony was taken from which it was concluded by the trial court that defendant had sustained damage by reason of the destruction of its disposal system to the extent of $12,498.67, which amount, in addition to $302.00 representing the value of the land taken, less $44.00 previously deposited in the registry of the court, defendant was awarded in judgment. From the judgment thus rendered, plaintiff appealed. Defendant has moved in this court for a dismissal of the appeal.
The motion to dismiss is predicated upon a plea of res judicata under the contention that all the issues with reference to which plaintiff now complains were determined on the first appeal. There can be no question as to the correctness of this position except for the consequential damages determined upon the remand. But as to this, defendant points out that plaintiff has made no assignment of error; nor has it in any manner questioned the award made by the trial court. Defendant’s evidence is in the record, uncontradicted. The plaintiff offered no proof in opposition.
The motion to dismiss must be sustained. The matters determined in the original hearing and in our original opinion are, so far as this and the trial court are concerned, res judicata. The rulings therein made constitute the law of the case and are not now subject to further inquiry. State v. Svoboda, 221 La. 893, 60 So.2d 715 (1952); Alba v. Holstead, 210 La. 357, 27 So.2d 130 (1946); First Nat. Bank v. Thomas, 172 La. 772, 135 So. 235 (1931); Folse v. Police Jury, 128 La. 1080, 55 So. 681 (1911); Davis v. Lewis & Lewis, La.App., 1st Cir. 1954, 72 So.2d 612 (writ granted; reversed on other grounds, 226 La. 1064, 78 So.2d 174 (1955); Thornton v. Beeson, La.App., 1st Cir. 1933, 149 So. 117.
As heretofore observed, plaintiff has made no assignment of error as to the issue for which this case was remanded and which was determined on the remand. Nor has plaintiff attempted to point out any error in the conclusions reached by the trial court or in the judgment appealed.
In a similar situation, in the case of State of Louisiana, through the Department of Highways, v. Metropolitan Life Insurance Company, La.App., 168 So.2d 889, we had occasion to make an observation which appears to be appropriate here. Therein we stated:
“In this connection, it may be appropriate to observe that, under the Uniform Rules of the Courts of Appeal of this State, Rule IX, Section 3, 8 LSA-R.S., one of the requirements as to a brief is that it contain ‘ * * * a specification of the alleged errors relied upon * *
“For all practical purposes, the situation here is comparable to that of Perkins v. Buchler, 223 La. 179, 65 So.2d 130, relative to which the Supreme Court stated:
“ ‘The appellants in the instant case have not pointed out any error in the judgment of the district court or filed any brief, and have thus left to this court the task of ascertaining whether the judgment of the lower court was correct in law and in fact. It is well settled iri the jurisprudence that in these circumstances an appellate court may affirm such judgment under the presumption that the judgments of the district courts are correct.’
“See, also:
“Succession of Bailey, 232 La. 824, 95 So.2d 326.
“The rule was likewise recognized in Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794. There, it was held that, *627 where appellant’s counsel did not point to any discrepancies in appellee’s evidence, failed to disclose any reason why the judge should not have believed appellee’s testimony and preferred it to the testimony of appellant and his witnesses, hut simply said that the evidence preponderated for appellant because appellant was corroborated by two witnesses, the appellant failed to carry the burden of proof of demonstrating that the decision was obviously wrong.
“A rule uniformly established in the jurisprudence is that a judgment of a trial court is presumptively correct. It is therefore the appellant’s duty to point out any error in the judgment appealed; otherwise, the appellate court may rely upon the presumption that the judgment is correct and affirm it.
“Succession of Bailey, supra;
“Perkins v. Buchler, supra;
“Chapman v. Lalumia, 154 So.2d 93, La.App., 4th Cir. 1963;
“Dorsey v. Corrugated Asbestos Contractors, Inc., 147 So.2d 233, La.App., 4th Cir. 1962.”
We have, however, examined the record, read the testimony taken on the trial in the lower court, as well as counsel’s briefs, considered the trial judge’s reasons for judgment, and find no error patent on the face of the record, either in law or in fact. Nevertheless, we may point out that the damage awarded is predicated upon a disposal system recommended and designed by a sanitation engineer of the Louisiana State Board of Health to meet a minimal requirement in the replacement of the system destroyed, the cost of which was established by the testimony of an engineer experienced in construction and by that of an appraiser on plaintiff’s approved list, and as to which no error has been assigned or urged by appellant.
Therefore, for the reasons assigned, the motion to dismiss plaintiff’s appeal is sustained as to the issues determined in our original opinion, and the judgment as to the issues resolved and determined on the remand is affirmed at the cost of plaintiff-appellant, so far as such cost is assessable to it.