BARNETTE, Judge.
This is a suit for damages for personal injuries allegedly sustained by a driver and his guest, passenger when their automobile was struck as it was pulling away from the curb where moments before the collision it had been parked. The plaintiff Clarence Wilson also seeks recovery of damages to his automobile, medical expenses, and other special items of damage. From a judgment for defendants, rejecting the demands of both plaintiffs and dismissing their suit, they have appealed.
The plaintiff Clarence Wilson parked his automobile alongside the curb on Henry Clay Avenue in the City of New Orleans in front of and near the entrance to De Paul Hospital to await the other plaintiff Tamer Lee Smith, who was an employee of the hospital. When the Smith woman finished her work for the day she got in plaintiff Wilson’s automobile. Wilson pulled away from the curb and was struck by an automobile driven by Thomas West but owned by his brother David West, one of the defendants. The automobile was insured by Travelers Insurance Company, the codefendant.
The defendants pleaded the negligence of Wilson as the sole proximate cause of the accident. In the alternative they pleaded his contributory negligence and by third party petition sought indemnity or, in the alternative, contribution from Wilson for any damages they might be assessed in favor of plaintiff Smith.
As usual there is a conflict of testimony between the driver of one car and his guest passenger on the one hand and the driver of the other car on the other. The trial judge resolved the conflict in' favor of the defendants on the basis of the physical evidence and the corroborating testimony of a disinterested party who witnessed the accident. The primary issue, therefore, is one of fact.
Henry Clay Avenue is a street running across Coliseum Street in a direction to and from the Mississippi River. De Paul Hospital is located on Henry Clay on the river *770 side of its intersection with Coliseum. The plaintiff Wilson was parked two or three spaces back from the entrance to the hospital. Thomas West was proceeding on Henry Clay toward the river at- a speed which was not specifically determined but which might have been slightly in excess of the 20-mile-per-hour limit at the point in question.
The plaintiff Wilson testified that he looked in his rear view mirror before pulling away from the curb into the traffic lanes and also looked out and back to his left. He said he saw no vehicle approaching and pulled away from the curb and travelled about three or four car lengths when he was struck from the rear by the West automobile. He said there was sufficient space to drive away from the curb without a backing maneuver. He denied that he pulled out swiftly or in any other negligent manner. The testimony of plaintiff Smith is substantially the same.
Thomas West testified that Wilson pulled away from the curb suddenly and in disregard of the oncoming traffic and that he applied his brakes but was unable to avoid collision in the sudden emergency created by Wilson. He testified that his right fender struck the left side of the Wilson car just back of the left rear door and scraped along the left side of the Wilson car.
Oliver E. Galliland, the disinterested witness, was walking down the steps from the hospital to meet his wife, who was waiting for him in his parked car approximately in front of the hospital entrance. He testified :
“Well, I was just coming down the steps and my wife was waiting for me and I saw this car pull out right quick in front of this other car and saw they had — they were hooked together * * *.”
He repeated that the Wilson car “came out fast” when the West car was about 25 or 30 feet away and that it was “on an angle” when the impact occurred.
The investigating police officer testified that he measured 50 feet of skid marks left by the West car from which he estimated a speed of 30 miles per hour based on the Northwestern Traffic Institute Speed Chart.
The accident occurred on October 6, 1964, in the late afternoon described as “dusk.” There was considerable, but inconclusive testimony about the headlights on the cars, but we think; as the trial judge apparently did, that this was of no significance since it was not dark and visibility was clear.
There were no reasons for judgment, but there can be no doubt that the trial judge found that the sole proximate cause of the accident was the negligence of the plaintiff Wilson, since he denied recovery to the guest passenger, who sued only West and his insurer.
The testimony of the witness Galliland is corroborated by the physical evidence as revealed by a photograph of the Wilson car showing clearly that it was struck a glancing blow. From this we can only conclude, as apparently did the trial judge, that Wilson was in the act of pulling away from the curb at the time of impact. This is consistent with the version of the accident as testified to by Mr. West.
The jurisprudence is so well settled as to require no citation of authority that the findings of fact of the trial court will not be disturbed except where manifestly erroneous. There is no manifest error apparent on the record before us on this appeal. This principle is well summed up by us in Regan v. Mid-Continent Underwriters, Inc., La.App., 150 So.2d 75, 84, in the following language:
“Considerable weight is given by appellate courts to trial courts’ views on factual issues, particularly where there is a conflict in the evidence taken at the trial, and the rule is that the appellate court will not reverse the judgment of the trial court if the evidence of the successful party when considered by itself is sufficient to sustain the judgment. *771 Rhodes v. Sinclair Refining Co., 195 La. 842, 197 So. 575.
“Appellate courts delve into a case with the presumption before them that the district court judgments are correct and properly decided, so that the burden rests on the appellant to show just the contrary. Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Depuy v. Iowa Mutual Insurance Co., La.App., 113 So.2d 830; Cush v. Griffin, La.App., 95 So.2d 860; Romero v. Galley, La.App., 79 So.2d 625.”
Having found that the sole proximate cause of the accident was the negligence of the plaintiff Wilson and that no recovery can be had by either plaintiff against the defendants, we do not reach the other issues pleaded.
For these reasons, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.