SARTAIN, Judge.
This action in assault and battery arose out of an altercation between the plaintiff and defendant following a supper club party at the Ward 7 Citizens Club in Ter-rebonne Parish on or about October 16, 1967. The conflict occurred about 12:30 or 1:00 a. m. in the club parking lot as the party was breaking up and after most of those attending had left the premises. The trial judge found for the plaintiff in the amount of $308.00, rejecting the defendant’s claims of self-defense and defense of others and dismissing his reconventional demand. We affirm that judgment.
The defendant has appealed, contending that the plaintiff did not meet the burden of proving his cause by a preponderance of the evidence and reasserting his special defenses and reconventional demand. The plaintiff-appellee has answered the appeal and has asked for an increase in award, contending that the trial judge made no manifest error in assessing the sufficiency of the evidence and credibility of witnesses and in rendering judgment in favor of the plaintiff.
The testimony of the plaintiff and his witnesses greatly conflicted with that of the defendant in recounting the events leading up to the encounter and in describing the altercation itself. This conflict may be partially attributable to the consumption of alcoholic beverages at the party. It is also logical to assume that, since most of the witnesses were relatives of either the plaintiff or the defendant, each viewed the attending circumstances, at least subconsciously, more in sympathy with his respective relative than with the *273 opponent, particularly with respect to provocation.
It is clear that the plaintiff did receive a beating in the parking lot that night. Of all the testimony of the several witnesses, only the defendant testified that the plaintiff swung at him first. The defendant admitted hitting the plaintiff twice and seeing the plaintiff fall to the ground. The other defense witnesses saw nothing of the fight itself but testified only to events before and after it.
The plaintiff, his daughter and a disinterested witness, one Darrell Pool, all agreed that the plaintiff was struck down while holding a Mr. Fanguy from behind, that the same attacker then continued to hit the plaintiff while he was down and that the plaintiff did not defend himself during the attack. Another disinterested witness, one Roland Defelice, testified that he did not see the first blows, but he did see the defendant strike the plaintiff after the latter was on the ground and apparently unable to defend himself. Both De-felice and the plaintiff’s daughter viewed the fight at close range and were certain of their identifications of the parties involved.
Beyond this, the testimony is in hopeless conflict. The trial judge did not assign oral or written reasons for judgment. Accordingly, we must view the record in its entirety to determine whether or not the result reached by the trier of fact is in itself manifestly erroneous. By virtue of the judgment that was rendered the judge a quo concluded that the defendant had not proved his affirmative defenses of self-defense or defense of others. The same holds true to defendant’s reconven-tional demand which was also rejected. It is noted that the defendant offered no corroborative testimony for his account of his particular confrontation with the plaintiff. To the contrary defendant’s version is flatly contradicted by the plaintiff and three witnesses. For this reason we are not in a position to determine that the result reached by the trial judge in finding for the plaintiff is manifestly erroneous.
The ruling of the trial court is presumed to be correct and the appellant has the burden of showing that it is in error. Perkins v. Buchler, 223 La. 179, 65 So.2d 130 (1953); Wilson v. West, 221 So.2d 769 (La.App. 4th Cir. 1968).
In Rhodes v. Sinclair Refining Co., 195 La. 842, 197 So. 575 (1940), the court took the following position, at page 576:
“There is no doubt that sharply contested questions of fact are generally more difficult to solve satisfactorily than questions of law. For this reason the rule is firmly established that where there is an irreconcilable conflict in the testimony an appellate court will not reverse the judgment of the trial court, if the evidence of the successful party, when considered by itself, is sufficient to sustain the judgment. The rule is peculiarly applicable where testimony taken in open court is the basis of the finding of the trial judge. In such a case the finding must be given corresponding weight.”
See also Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276, 278 (1964).
The trial judge had the benefit of observing the witnesses and evaluating their demeanor. He was certainly in a position to notice subtleties affecting the credibility of each witness. We can discover no reason to reverse the finding of the trial judge that the testimony of the plaintiff and his witnesses, when considered by itself, was sufficient to sustain the judgment.
The plaintiff-appellee complains of the amount of the award, contending that it should be increased. An award of damages, especially for pain and suffering, is of necessity somewhat arbitrary and must be determined according to the facts and circumstances of each case. It is the settled jurisprudence of this state that the *274 trial court is entrusted with much discretion in making such awards, which discretion absent abuse should not be disturbed upon appellate review. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
We do not find that the award of $300.00 for personal injuries and $8.00 for medical expenses amounts to an abuse of such discretion. The plaintiff sustained contusions and abrasions about the left side of his head and a black eye.
For the above and foregoing reasons, the judgment of the trial court is affirmed in all respects, at appellant’s costs.
Affirmed.