BLANCHE, Judge.
These two consolidated cases arose out of a collision between a bus belonging to Joseph A. Duplantis, d/b/a Duplantis Truck Line, and driven by his employee, Chester LeBouef, and a Volkswagen automobile owned by Duane Mesh and driven by his wife, Peggy Mesh. In Suit No. 9044 the Meshes sue for damages which they allegedly sustained, and in Suit No. 9045 State Farm Mutual Automobile Insurance Company, as the collision insurer of Duane Mesh, sued for the amount it paid to repair the Mesh automobile. Duplantis was named as a defendant in both suits. In the Mesh suit Chester LeBouef, the driver of the Duplantis bus, and Fidelity General Insurance Company, the liability carrier of Duplantis, were also named as defendants.
The principal issue in the case is one 'of fact and the sole question on appeal is *174 whether the trial judge committed manifest error with regard to his factual findings as to the manner in which the accident occurred.
The collision occurred on Grand Caillou Highway at the intersection of Dixie Street in the City of Houma. Grand Cail-lou Highway at the point of the collision is composed of four traffic lanes, two for southbound and two for northbound traffic. Adjoining each of these lanes is a lane described as a parking lane.
The respective versions of the parties as to the manner in which the accident occurred are irreconcilable.
The plaintiffs’ version of the accident is that Peggy Mesh was proceeding south on Grand Caillou Highway with the intention of making a left turn into Dixie Street. As she neared the intersection, she properly signaled her intention to make a left turn, slowed and gradually came to a complete stop at the intersection, as it was necessary to yield to traffic proceeding from the opposite direction. While she was in this position, she was violently struck from the rear by the bus driven by LeBouef and propelled 250 feet across the northbound lanes of Grand Caillou Highway. It is plaintiffs’ contention that the driver of the bus attempted to pass around a truck which was in the outside lane and that he did so without keeping a proper lookout, thereby failing to notice plaintiff, Peggy Mesh, stopped in' the inside traffic lane waiting to make a left turn.
The defendants allege that the accident occurred in an entirely different manner. It is their contention that the bus had been following behind a slow-moving truck, and while the bus was attempting to pass the truck, Mrs. Mesh, utilizing the parking lane, passed around to the right of both the truck and the bus and pulled sharply into the inside lane in front of the bus and stopped. The truck continued in its lane of traffic but the bus, faced with an emergency of Peggy Mesh’s making, struck her vehicle from the rear.
We are of the opinion that appellants have not shouldered the burden of showing that the trial judge committed manifest error. We have reviewed the testimony of all the witnesses and have noted the conflict in the evidence and the trial judge’s resolution of the same in favor of the defendants.[1] In order to decide the case in plaintiffs’ favor, we would have to disregard entirely the testimony given by defendants’ witnesses and accept in its place the evidence given by the plaintiff and her witnesses. We are not willing to do this, as it amounts to a substitution of our judgment as to the credibility of the witnesses for that of the trial judge.
Applicable to the case here is the following quote from Reagan v. Mid-Continent Underwriters, Inc., 150 So.2d 75 (La.App. 4th Cir. 1963), writ refused, 244 La. 220, 151 So.2d 692:
“Considerable weight is given by appellate courts to trial courts’ views on factual issues, particularly where there is a conflict in the evidence taken at the trial, and the rule is that the appellate court will not reverse the judgment of the trial court if the evidence of the successful party when considered by itself is sufficient to sustain the judgment. Rhodes v. Sinclair Refining Co., 195 La. 842, 197 So. 575.
“Appellate courts delve into a case with the presumption before them that the district court judgments are correct and properly decided, so that the burden rests on the appellant to show just the *175 contrary. Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Dupuy v. Iowa Mutual Insurance Co., La.App., 113 So.2d 830; Cush v. Griffin, La.App., 95 So.2d 860; Romero v. Galley, La.App., 79 So. 2d 625.
“The principle is so well settled in this state as to require no citation of authorities that the trial courts’ findings of fact will not be disturbed on appeal unless manifestly erroneous.” (Reagan v. Mid-Continent Underwriters, Inc., 150 So.2d 75, 84)
For the above and foregoing reasons, the judgment of the trial court in the consolidated cases bearing Nos. 9044 and 9045 is affirmed at appellants’ cost.
Affirmed.

. Plaintiff and her two witnesses gave testimony to support their version of the case. The defendant bus driver and the , four passengers on the bus, plus an eye witness to the accident who was traveling in the opposite direction, gave testimony to support defendants’ version of the accident. The trial judge in Written Reasons for Judgment accepted the testimony of the defendant bus driver and his witnesses over those of plaintiff and her two witnesses.