LOTTINGER, Judge.
This is a suit by Henry Brunet and his wife, Mrs. Gladys Brunet, as petitioners against Donald Theriot and his liability insurer, State Farm Mutual Automobile Insurance Company, as the defendants, for personal and property damages resulting in an alleged automobile collision. The Lower Court rendered a judgment in favor of defendants and dismissed petitioners’ suit. The petitioners have taken an appeal.
*159 The facts show that on or about February 24, 1974, at approximately 11:00 A.M., Gladys Brunet was driving a 1966 Dodge Sedan owned by her husband, Henry Brunet in the town of Larose, LaFourche Parish, Louisiana. Mrs. Brunet was crossing the Bayou LaFourche Bridge in Larose going from Louisiana Highway 308 to Louisiana Highway 1. She was following an automobile owned by Donald Theriot in which Mrs. Theriot was a passenger.
It is claimed by petitioners that the Theriot vehicle stopped in obedience to a stop sign at Louisiana Highway 1 and that she came to a stop to the rear of the Ther-iot vehicle. She alleges that suddenly without notice or warning the Theriot vehicle began backing and backed into the Brunet vehicle as it was stopped on the bridge. Mr. Theriot, and his wife, both testified that they crossed the bridge and stopped at the stop sign. They then started moving ahead and making a turn to the right when they felt the impact. Mr. Theriot, the driver, testified that he was moving slowly when he was struck in the rear by the Brunet vehicle.
As a result of the said collision Mr. Brunet sued for property damages to his automobile and medical care for his wife and Mrs. Brunet sued for personal injuries. As stated before the Lower Court rendered judgment in favor of defendants and dismissed petitioners’ suit and petitioners have taken this appeal.
We are not favored with a written opinion from the Lower Court. However, it is apparent that the Lower Court in this case was faced with an irreconcilable factual dispute as to the manner in which the accident occurred. Petitioner, Mrs. Brunet contended that the defendant backed into her vehicle, and both Mr. and Mrs. Theriot contended that Mrs. Brunet drove into the rear of their vehicle. The petitioners claim that the Lower Court committed reversal error when it failed to give proper weight to the testimony of an alleged eye witness, Nolty LeBoeuf.
Mrs. Theriot verified that her husband had come to a complete stop at the stop sign at the edge of the bridge. He had waited for traffic to clear and after determining that it was to do so, he commenced his right turn onto Highway No. 1. When the accident occurred the Theriot vehicle was moving forward in forward gear, according to the testimony of Mrs. Theriot. Mrs. Theriot testified that she noticed the gear, which was standard shift, was in position for first gear.
Mr. Nolty LeBoeuf, the bridge tender on duty at the Larose Bridge, who testified on behalf of the petitioners stated that he saw a pink station wagon back into the blue car which was driven by Mrs. Brunet. He stated that he just happened to be walking along the bridge when the accident occurred. He stated that the first time he saw the station wagon it was backing and that it backed some four to five feet. Of course his testimony coincides with that of Mrs. Brunet who also testified that the Theriot vehicle backed into her vehicle.
It is apparent to this Court that the decision of the Lower Court was based on the matter of credibility. The trial judge has the opportunity to observe the witnesses on the witness stand and to thereby assess his or her testimony in the context of the testimony of all the other witnesses. It is apparent that the trial judge rejected the testimony of Mr. LeBoeuf as unreliable. There is more than ample support in the record for the judge’s rejection of his testimony.
Defendant, Donald Theriot and his wife testified that Mr. Theriot did come to a stop at the stop sign at the end of the bridge and waited for traffic to clear. He testified that a motorist stopped at the stop sign could not see clearly to the south or to the left because of a building which obstructed the view to the south, and there were also parked vehicles on the shoulder of the highway near the building obscuring the view. He stated that it was necessary for the motorist to “edge up” ahead of the *160 stop sign slowly to determine if traffic has cleared on Louisiana Highway No. 1.
He stated that after a short stop behind the stop sign for traffic to clear, he began driving forward into the neutral ground area located between the edge of the bridge and the edge of Highway No. 1. His testimony indicates that this neutral ground area is between twenty-five and thirty feet from the edge of the bridge where the stop sign was located. Mr. Theriot testified that he had his right turn indicator on and was in the process of making his right turn into Highway 1 at an angle when he felt the impact from the rear. He testified that he was moving ahead slowly when the accident occurred and that he was between five and ten feet from the edge of Highway No. 1. According to Mr. Theriot no traffic was approaching from the left and he had checked the traffic in all directions before starting his turn to enter Highway No. 1.
Mr. LeBoeuf recalled very little about the details of the accident but testified that he saw one vehicle back into the other vehicle. He did not recall the day that the accident happened. He testified that he had just closed the bridge because a vessel had passed and he was on his way to get a coke when he witnessed the accident.
It appeared from his testimony that he had immediately left his work position and was walking across the bridge; however, at another point he testified that the bridge had already been closed approximately IS minutes before he decided to walk across the bridge to get a coke. Also, he stated that he did not go immediately to the accident scene but went back to the bridge house on the other side of the bridge because he had to blow down a vessel which had sounded its signal to open the bridge. He also testified that he spoke with the trooper who investigated the accident and advised him that he had seen the accident but Mr. LeBoeuf’s name is not shown on the trooper’s report as a witness.
Also Mrs. Brunet testified that Mr. Le-Boeuf came up to the accident one or two seconds after it had occurred and asked her if she was alright. The testimony of Mrs. Brunet and Mr. LeBoeuf on this point are directly in conflict.
In Reagan v. Mid-Continent Underwriters, Inc., La.App., 150 So.2d 75, writ refused 244 La. 220, 151 So.2d 692, the Court said:
“Considerable weight is given by appellate courts to trial courts’ views on factual issues, particularly where there is a conflict in the evidence taken at the trial, and the rule is that the appellate court will not reverse the judgment of the trial court if the evidence of the successful party when considered by itself is sufficient to sustain the judgment. Rhodes v. Sinclair Refining Co., 195 La. 842, 197 So. 575.”
The appellate courts of this day delve into a case with the presumption before them that the district court judgments are correct and properly decided, so that the burden rests on the appellant to show just the contrary. Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Dupuy v. Iowa Mutual Insurance Company, La.App., 113 So.2d 830; Cush v. Griffin, La.App., 95 So.2d 860; Romero v. Galley, La.App., 79 So.2d 625.
The principle is well settled in this state to the effect that the trial court’s finding of fact will not be disturbed on appeal unless manifestly erroneous, Reagan v. Mid-Continent Underwriters, Inc., La.App., 150 So.2d 75. We do not find such error on the part of the judgment of the Lower Court.
For the reasons hereinabove assigned the judgmént of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioners.
Affirmed.