307 So.2d 767 (1975)
Lenwood GAUDET, Individually and as administrator of the Estate of his minor daughter Darlene Gaudet
v.
Richard D. BERRY and State Farm Mutual Automobile Insurance Company.
No. 10149.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
C. E. Bourg, II, Morgan City, for appellant.
L. Albert Forrest, New Iberia, for appellees.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
BLANCHE, Judge.
Plaintiff-appellant, Lenwood Gaudet, individually and as administrator of the estate of his minor daughter, Darlene Gaudet, appeals an adverse judgment of the Sixteenth Judicial District Court denying his *768 claim for damages against the defendantappellees, Richard D. Berry, and State Farm Mutual Automobile Insurance Company.
On December 31, 1973, at approximately six o'clock p. m., Darlene alighted from an automobile driven by Warren Sheperd which had momentarily stopped across the road from Doug's Drive-In, on the Lake Palourde Road in Amelia, Louisiana. After alightening from the vehicle, she proceeded around the rear thereof and then attempted to cross the road. She was struck by defendant who was proceeding in the opposite direction from the Sheperd vehicle in a 1971 Oldsmobile. The point of impact was approximately one to two feet from the shoulder of the road in the defendant's lane.
The trial judge found the defendant was free from negligence and the accident happened because of the negligence of Darlene in darting across the road in such a way that defendant was unable to avoid hitting her. He found that even if defendant was negligent in the operation of his vehicle, thirteen-year old Darlene's actions were contributorily negligent and as such she was barred from recovery. The trial judge further found that the doctrine of last clear chance was inapplicable to the instant case because even if the defendant was negligent, he was powerless to avoid the accident and could do nothing but what he did under the circumstances. Plaintiff-appellant contends the trial judge erred in finding the defendant free of negligence and also erred when he found Darlene negligent. In the alternative, he contends that if Darlene was negligent, the doctrine of last clear chance would shift liability back to the defendant.
Defendant-appellee, Richard Berry, testified he was returning home from work in a northerly direction on the Lake Palourde Road at the time plaintiff alighted from the Sheperd vehicle, which was headed in the opposite direction. He was traveling cautiously because of traffic congestion in the vicinity of Doug's Drive-In. Because it was dusk and a very light drizzle was falling, he had already placed his foot upon the brake when nearing the drive-in, and when he discovered Darlene in his path he simply applied the brakes more forcefully. Darlene was approximately five to six feet in front of his vehicle when he first observed her, and she was struck by the right front fender. At the trial, he estimated his speed to be ten to fifteen miles per hour, but at the scene of the accident he told the investigating State Trooper he was traveling approximately twenty-five miles per hour, which was within the posted legal speed limit of twenty-five miles per hour.
Donald Dupuis was an eye-witness, traveling seventy-five yards behind the Sheperd vehicle. He testified a light mist was falling but the road was not saturated with water. He observed that when the Sheperd vehicle pulled partially onto the right shoulder to stop, Darlene exited, proceeded to the rear, then darted across the road in front of defendant's vehicle. He described her speed as not walking, but also not running. He testified another vehicle was between his and Sheperd's, and as Sheperd pulled to the right and stopped, the second vehicle proceeded to pass him. At that same time, proceeding in the opposite direction, defendant had reached a point where his front bumper was approximately even with the front of the Sheperd vehicle. He estimated that Darlene darted in front of the defendant's vehicle when there was less than a car length between her and the defendant's vehicle. He further testified that he had a clear view of the happenings and because he had continued to approach the scene the impact took place ten to fifteen yards in front of his vehicle.
The State Trooper, C. J. Doiron, testified that the Lake Palourde Road in Amelia has a blacktop, asphalt surface and is twenty-two feet wide, with small shoulders. He contended the road bed was dry, with the drizzle having stopped prior to the accident. He also noted fifty-four feet of *769 skid marks prior to the point of impact. When asked by the Court how he identified the skid marks which he measured as being those made by the defendant's automobile, he replied that since the vehicle was not stopped at the exact end of the skid marks, he was forced to rely upon the driver and witnesses. He did say, however, there were no other skid marks in the vicinity. He acknowledged that it was more likely that skid marks would be left upon a dry road bed, but that he had on occasion also seen skid marks on wet pavement. He further noted that Darlene was not in a crosswalk at the point of impact. The only lighting other than the lights from the vehicles on the road were the lights from Doug's Drive-In.
Darlene testified that she was in a hurry to cross the road to deliver a bag of hamburgers to her parents who were waiting for her at the drive-in. She testified it was definitely raining just prior to the accident. She estimated that defendant's car was approximately one yard away from her before she saw it, but could not remember the second vehicle referred to by Mr. Dupuis. She did not dispute the fact that there was a second vehicle or contend that none was there, she simply could not remember. The fact she was carrying a white bag under her left arm and the color of her clothing coincided with Mr. Dupuis' observation of her just prior to the accident.
The trial judge considered that the only fact in dispute was the speed of the defendant's vehicle. The plaintiff contended that the skid marks alone established the defendant's speed to be in excess of the posted speed limit and therefore the defendant was negligent. The trial judge agreed that the length of the skid marks, as testified to by the trooper, was inconsistent with the defendant's recollection at the trial that he was traveling only ten to fifteen miles per hour. But drawing upon his own trial experience, and in view of the other evidence before him, he opined that the skid marks, by themselves, were not a reliable fact from which the defendant's speed could be accurately determined. Asserting that he had no reason to believe any of the witnesses had been anything but honest, candid and fair, he rejected the skid marks and accepted the testimony of the defendant as corroborated by the eyewitness, Mr. Dupuis, which established that the defendant was not speeding. He then acknowledged that even though he found the defendant was traveling within the legal speed limit when the accident occurred, he nevertheless would have been negligent if the evidence established that he was not driving with the caution required under the circumstances. But again, relying upon the evidence before him, he found the defendant was driving reasonably, and in fact was driving exactly as he should have been. His conclusion was that the defendant was completely free of negligence in this unfortunate accident.
The presumption is that the District Court judgment is correct, and the burden rests upon the appellant to show the contrary. Much weight is given to the trial court finding of fact, particularly where there is a conflict in the evidence taken at trial, and the trial court judgment will not be reversed if the evidence of the successful party when considered by itself is sufficient to sustain the judgment. Henry Brunet v. Donald Theriot, 298 So.2d 158 (La.App. 1st Cir. 1974). The trial court decision is amply supported by the evidence, and therefore will not be disturbed.
Because we find the defendant was not negligent, the plaintiff's argument concerning last clear chance is without merit.
For the foregoing reasons, the decision of the trial court denying the plaintiff's claim for damages is affirmed, at his costs.
Affirmed.