SHORTESS, Judge.
The Division of Administration (appellant) appeals from a decision of the Louisiana Civil Service Commission (Commission) reversing the three-day suspension of Brian Powers (appellee), a permanent employee, classified as an Automotive Mechanic II.
Appellee was suspended from his position on September 29, 1980. By letter dated October 8, 1980, he received written confirmation of his suspension. The letter was signed by Larry Dickinson, Executive As *52 sistant Commissioner of the Division, and it explained the facts surrounding the suspension as follows:
“On the afternoon of September 25, 1980 at approximately 4:30 p.m., Mr. Clinton Thompson, Automotive Shop Superintendent II made the daily announcement to all bidders that the bidding area was closed. However one customer who was in the process of removing his vehicle from the lot, was working on the car to get it started with your assistance. Mr. Thompson stated that you asked him if you should make a customer move from the lot if he is in the process of removing the vehicle at the time that section is closing down. Mr. Thompson replied that a customer should be let out when he completes hooking up his vehicle or starting it. You have stated that Mr. Jewel Stevenson, Automotive Mechanic II, the acting supervisor, then told you that the customer had to be out by 4:30 P.M. Your reaction to Mr. Stevenson’s orders was to become involved in an unpleasant exchange of words with Mr. Stevenson. Mr. Stevenson later spoke to Mr. Thompson about you and claimed that during the exchange you were cursing him.
“Shortly thereafter, Mr. Thompson states that Ms. Vera McClain ran into his office to inform him of an argument between you and Mr. Stevenson. You then ran in stating that Mr. Stevenson had hit you. Mr. Thompson reported the matter to Mr. Collins. Then you and Mr. Stevenson were also called in and requested to give statements regarding the incident. Other employees were also questioned and at least two of them, Vera McClain and Lionel Smith overheard the argument.”
On October 15, 1980, appellee filed, in proper person, a notice of appeal which stated his version of the incident, and denied any misconduct. A public hearing was held before a referee on September 23, 1981, and the matter was thereafter referred to the Commission for its determination.
Its opinion, dated January 29, 1982, resolved the dispute in favor of appellee. The opinion states:
“The Commission finds that there was no just cause for appellant’s suspension. While there is no doubt that a verbal exchange took place, the exchange was prompted by profanity on Stevenson’s part. Appellant’s response of “I am, damn it” does not constitute fighting, the offense for which appellant was suspended. The Commission finds that appellant did not instigate the fight and did nothing to provoke it.”
From this decision, the Division has perfected this appeal, urging two assignments of error:
(1) that the Commission incorrectly redefined the “cause” for the suspension stated in the letter of October 8,1980; and
(2) that the record fails to support the Commission’s findings.
The first issue involves a determination of the “cause” for the suspension. The facts stated in the suspension letter of October 8, and quoted earlier in our opinion, concluded with the following language:
“Based on this incident, you have been suspended from duty and pay for a period of three (3) working days. Copies of your statement and that of Jewel Stevenson are attached as reference.
“Under no circumstances will fighting be tolerated. Any further incident of this nature will result in a longer suspension or dismissal from your position as Automotive Mechanic II.” [emphasis ours]
This language clearly supports the Commission’s finding that appellee was suspended for fighting. Even assuming the verbal exchange was part of the cause for the suspension, the Commission found appellee free from fault as to the entire incident. Appellant’s first assignment is without merit.
Secondly, appellant challenges the factual basis for the conclusions of the Commission. It is elementary that the appellant has the burden of proving error in the trial court’s decision. Hanley v. Hanley, 381 So.2d 963 (La.App. 4th Cir.1980); writ denied, 383 So.2d 783 (La.1980); Gau *53 det v. Berry, 307 So.2d 767 (La.App. 1st Cir.1975); Brunet v. Theriot, 298 So.2d 158 (La.App. 1st Cir.1974). In Civil Service cases, the Commission stands in the position of a district court. In Bernard v. Louisiana H. & H. Resourc. Adm’n, 336 So.2d 55 (La. App. 1st Cir.1976), this court stated:
“In view of the shift in the burden of proof from the employee to the appointing authority made by the Constitution of 1974, and the granting thereby to this court of the authority to review the findings of fact of the Commission, it is essential that the transcript furnished this court contain the testimony on which the opinion below is based, or that the Commission and the parties comply with the provisions of Article 2130-2132 of the Code of Civil Procedure. Article 10, §§ 8, 12, Constitution of 1974.” 336 So.2d at 58.
The appellant must provide the reviewing court with a complete record, so a disposition of the errors raised can be made. Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir.1981); Delaneuville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir.1980); Hanley, supra. Items of evidence or transcripts missing from the record will be presumed to support the findings of the lower court. Johnson v. Berry Bros. Gen. Contractors, 405 So.2d 1234 (La.App. 1st Cir.1981), writ denied, 410 So.2d 1135 (La.1982); Deliberto, supra; DeLaneuville, supra; United Pentecostal Church v. Interstate Surplus, 368 So.2d 1104 (La.App.2d Cir.1979), writ denied, 371 So.2d 621 (La.1979).
The record reveals that appellant filed a motion and order of appeal, and only requested the testimony of Phil Collins, Director of the Office of Property Control, and all exhibits of the appointing authority, to be incorporated into the transcript lodged with this court. However, these items formed only part of the proceedings heard before the referee. The Commission’s opinion indicates that the appellee called as his witness, James Comeaux, the customer he was assisting when the incident arose. His testimony is not in the record. We are unable to determine from the documents before us whether appellee or Stevenson testified. However, their testimony should likewise have been included. This partial record does not reveal any error in the Commission’s findings of fact. Appellant has failed in its duty to provide us with a complete record so a review of the factual determinations of the Commission could be made. Thus, we follow the presumption that the Commission’s conclusions are correct. DeLaneuville, supra.
Accordingly, we affirm the opinion of the Commission. Costs of this appeal, in the sum of $50.00, are assessed to appellant.
AFFIRMED.