REID, Judge.
This matter is before the Court on motion to dismiss an appeal. Plaintiff brought this suit against Royal Insurance Company in the 19th Judicial District Court and judgment was rendered dismissing the suit with prejudice. From this judgment plaintiff appealed to this Court.
Defendant filed a motion to dismiss the appeal on the ground the Brief submitted herein by counsel for plaintiff was not in conformity with the Uniform Rules of this *154 Court, particularly Rule IX, Section 3, 8 LSA-R.S., which reads as follows:
“The brief on behalf of appellant or relator shall set forth a succinct syllabus or statement of the principles of law relied upon with corresponding citations of authority; a concise statement of the case; a specification of the alleged errors relied upon and an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the transcript and of the authorities cited.”
Defendant appellee contends in his Brief that plaintiff appellant has not made any assignment of error. It is agreed by both parties that this is a companion suit to the case of Charles H. Hebert Co. Inc. v. Aetna Casualty Insurance Company Et Al, La. App., 148 So.2d 129, rendered by this Court which judgment is now final.
Plaintiff appellant contends that due to the almost identical situation existing between this matter and the matter of Aetna Insurance case, supra, the case at bar was submitted to the District Court on the entire record in that case, the policy of insurance sued on in this matter, and the stipulation to the effect if plaintiff prevails in the instant case the recovery would be for the full amount specified in Item 2 of the policy. He contends an elaborate Brief would be a repetitious one, and that the penalty for failure to file a Brief timely is provided in Section 11, Rule IX which reads as follows:
“Failure to file briefs timely in accordance with the above provisions shall forfeit the right of the party so failing to orally argue the case before the court.”
Counsel for the appellee cited several cases where an appeal would be dismissed when the appellant fails to appear or file brief in support of the appeal. We have no quarrel with these decisions because the case is not before us on the merits. Assuming the position of the appellee that the alleged Brief is not a Brief because it does not comply with Section 3, Rule IX then appellant is in the position of not having filed any Brief. He can file a Brief at any time up until argument of the case, but unless it is timely filed he will not be permitted to make an oral argument. If the appellant does not file a Brief by the time the case is called for argument then the matter will be automatically dismissed under our rules.
We do not see any necessity of' going into the question as to whether the Brief is sufficient particularly in view of the fact this is a companion case to another case decided by this Court which was well briefed and argued with the same issues.
For these reasons the motion to dismiss the appeal is overruled, cost of motion to dismiss to be paid by the appellee.
Motion to dismiss overruled.