PICKETT, Judge.
This is a suit for personal injuries and property damage resulting from an automobile accident, which occurred on June 8, 1968, at the intersection of Swan Street and State Highway 19 in East Baton Rouge Parish, Louisiana. The plaintiff, Herbert Cage, was driving a 1953 Chevrolet taxicab owned by plaintiff, David Trask. The defendant, R. O. McCraine, was driving his 1968 Buick automobile in a southerly direction on State Highway 19 (Scotlandville Avenue), when it collided with the taxi-cab in the intersection of Swan Street and *706 Highway 19. The American Indemnity Company, the insurer of defendant, R. O. McCraine, was made a party defendant.
The defendants denied liability, and alleged the accident was caused solely by the gross negligence of plaintiff, Herbert Cage; and in the alternative, defendants alleged contributory negligence on the part of Herbert Cage. From an adverse judgment, the plaintiffs have appealed.
The record in this case was filed in this court February 2, 1970. The plaintiffs’ brief was not filed until May 12, 1970, the day before this case was fixed for argument. The appellees have filed no brief, but they have filed a motion calling our attention to the Uniform Rules — Courts of Appeal, particularly Rule IX, and the provisions of Section 3, 8 LSA-R.S., as follows :
“The brief on behalf of appellant or relator shall set forth * * * a specification of the alleged errors relied upon and an argument confined strictly to the issues of the case, * *
Appellees suggest that the appellants having failed to comply with the mandatory provisions of the Uniform Rules, the judgment appealed from should be affirmed. Appellees cite in support of their motion: Dia-Log v. Pareti, La.App., 126 So.2d 197; and Hebert v. Royal Insurance Co., La.App., 169 So.2d 153.
In the Dia-Log case, supra, the appellants did not make an appearance when the case was called for argument, nor did they file a brief. The court said:
“Since the appellant has not pointed out any error in the judgment of the lower court, that judgment may be affirmed under the presumption that it is correct. Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Succession of Bailey, 232 La. 824, 95 So.2d 326; Alice v. Woods, La.App., 124 So.2d 770 and Rex Finance Co. v. Morehead, La.App., 124 So.2d 776, both handed down by us on December 5, 1960, and not yet reported.”
Obviously the position of the appellees is that the alleged brief filed by appellants (although filed before time for argument of the case) is not a brief because it does not comply with Section 3, Rule IX; hence, appellants are in the position of not having filed any brief. In the Hebert v. Royal Insurance Company case, supra, decided by this court, it was said:
“He can fije a Brief at any time up until argument of the case, but unless it is timely filed he will not be permitted to make an oral argument. If the appellant does not file a Brief by the time the case is called for argument then the matter will be automatically dismissed under our rules.”
However because of the conclusion we have reached, we see no necessity of going into the question as to whether the brief is sufficient. We have examined the record and find no error of law or fact patent on the face thereof. In fact we have carefully examined the evidence, and find the trial judge correctly resolved the issue of negligence as set forth in his reason for judgment, when he stated:
“Herbert Cage was stopped at the stop sign on Swan Street attempting to proceed in a westerly direction on Swan across Scotland ville Avenue which is a favored street at this particular location. It further appears that the three cars parked headed south in the southbound lane of Scotlandville Avenue which north of Swan Street is a two lane driving— has two driving lanes, one north and one southbound. In addition there is a third lane which appears to be for right turning traffic onto Swan, although the evidence does not indicate that there was any sign present at the time.
“In the Court’s opinion the evidence shows that the defendant, R. O. McCraine, was proceeding in a southerly direction towards the intersection and passed on the right hand side of three cars parked in the southbound traffic lane on Scotlandville and entered the *707 right turn lane and subsequently was involved in an accident with Cage in the intersection. In the Court’s opinion this is a classic case involving negligence on the part of both drivers. It appears that defendant, McCraine, was negligent in passing or attempting to pass the intersection in a — in what appears to be a right turn lane. It further appears that the plaintiff, Herbert Cage, was negligent in attempting to proceed'across a favored street into the path of oncoming traffic.
“For these reasons the Court feels that there was contributory negligence on the part of the driver, Herbert Cage, and such bars his claim to recover.”
We agree with the finding of fact and the conclusions of the lower court, and accordingly the judgment appealed from is affirmed at appellants’ costs.
Affirmed.