BAILES, Judge Pro Tem.
This is an action on open account to recover rent due for the lease of a John Deere 310 backhoe. The trial court rendered judgment in favor of plaintiff and against the defendant in the amount of $2549.70, with seven per cent per annum interest thereon from March 10, 1974, until paid, plus $250 attorney’s fee and all court costs. Finding no reversible error in the judgment appealed, we affirm.
In this appeal, the defendant does not question the quantum of the judgment, and the plaintiff has neither appealed nor answered the appeal although the award of the trial court is in an amount less than that alleged to be due. The real issue herein is whether the defendant, or his employee-father, called the plaintiff’s office on November 28, 1973, to release the rented equipment.
It is admitted by defendant that he rented this equipment, however, he contends that after using it for five hours on the date he received it from the plaintiff his father called the plaintiff’s office on the telephone advising the female who answered the call that defendant had completed his use of the machine. Defendant’s father testified that this party gave him a release number but he was unable to recall the number.
Both the secretary and the Baton Rouge resident manager of plaintiff denied having received any call from the defendant or anyone on his behalf to release the equipment. Both of these witnesses testified that whenever a customer calls to release any rented equipment a release number is first assigned to the release and this number is then given to the lessee.
Plaintiff’s Baton Rouge manager, in the. presence of the defendant, at plaintiff’s office, checked all release numbers given out during the period in question. All numbers were accounted for. None of the release numbers was assigned to the release of this backhoe.
Defendant does not dispute the fact that the backhoe remained at the defendant’s former job site where it was delivered by plaintiff until it was picked up on Febru *273 ary 20, 1974, after being advised at that time by defendant that he had no more use for the machine. Plaintiff offered proof that at the end of December, 1973, and January, 1974, invoices showing the charges for the backhoe for those months were billed to defendant. Defendant’s explanation for not knowing of the continuing charge for the backhoe was that although he did receive letters from plaintiff, these letters were not opened because he was without funds with which to pay his bills.
As this Court stated in the case of Gaudet v. Berry, 307 So.2d 767 (1975) on page 769:
“[1-3] The presumption is that the District Court judgment is correct, and the burden rests upon the appellant to show the contrary. Much weight is given to the trial court finding of fact, particularly where there is a conflict in the evidence taken at trial, and the trial court judgment will not be reversed if the evidence of the successful party when considered by itself is sufficient to sustain the judgment. * * *
Herein the trial court found, after hearing the defendant and his father testify that a release of the equipment was called in to plaintiff’s office on November 28, 1973, and plaintiff’s resident manager and its secretary testify that no release advice was received from defendant, and considering the fact that the constructive possession of the equipment remained in the defendant and the contract of rental or lease of the equipment was admitted by defendant, that defendant had not sustained his burden of proving the release of the equipment from the rental agreement until February 20, 1974. We find no manifest or reversible error in the judgment of the trial court.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed, at appellant’s cost.
Affirmed.